### ESTATE OF FREDERICK BUSE, Inc., v. LINCH.

(Supreme Court, Appellate Term, First Department. June 28, 1915.)

STREET RAILROADS ⬅99—INJURIES TO PERSONS ON TRACKS—NEGLIGENCE.

Where a driver, when he started to cross the street, saw a car in the middle of the block rapidly approaching, and he merely held up his hand, paying no further attention to the car, he was guilty of contributory

negligence as a matter of law, and no recovery can be had for injuries resulting from the collision.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. ☞99.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Estate of Frederick Buse, Incorporated, against George W. Linch, as receiver of the Second Avenue Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Charles E. Chalmers, of New York City (Charles H. Tuttle and Harold R. Medina, both of New York City, of counsel), for appellant. Albert Edward Maves, of New York City, for respondent.

PAGE, J. The action was brought to recover damage for injuries to a pair of horses and a truck belonging to plaintiff, sustained through a collision with a trolley car operated by the defendant. The truck, heavily loaded, was standing on the east side of Second avenue, facing north, and the driver started his team and swung them around, crossing the tracks a short distance south of Sixty-First street. He saw the car approaching rapidly when he started to cross the north-bound tracks and held up his hand. The car, according to the driver's testimony, was then in the middle of the block between Sixty-First and Sixty-Second streets; but he paid no further attention to the car. When the front wheels were between the south-bound tracks, the car struck the northerly front wheel, and caused the injuries for which this action is brought. It is clear that the plaintiff's driver was chargeable with contributory negligence as a matter of law. Lopes v. Linch, as Receiver (App. Div. June 4, 1915) 153 N. Y. Supp. 673, and cases there cited.

The judgment should be reversed, with costs, and complaint dismissed, with costs. All concur.