68 Hun, 248, 22 N. Y. Supp. 972. As it was, the court entertained his motion without disposition of it, and thereupon in a breath granted the motion of the defendants.

Without any expression as to the merits, I advise that the judgment and order be reversed, and that a new trial be ordered; costs to abide the event. All concur.

---

### POUCH v. STATEN ISLAND MIDLAND RY. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

1. STREET RAILROADS (§ 114*)—ACCIDENTS AT CROSSING—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that plaintiff, riding in an automobile and injured in a collision with a street car at a crossing, was negligent in not looking for the car.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 248–250; Dec. Dig. § 114.*]

2. STREET RAILROADS (§ 99*)—ACCIDENT AT CROSSINGS—BURDEN OF PROOF.

Plaintiff, riding in an automobile and injured in a collision with a street car at a crossing where the approach of the car was discernible, must show that she exercised some care to ascertain whether there was peril in crossing at that time.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 209–216; Dec. Dig. § 99.*]

Appeal from Trial Term, Richmond County.

Action by Susan D. Pouch against the Staten Island Midland Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

John J. Kenney, for appellant.

John H. Post (James B. Kilsheimer, Jr., on the brief), for respondent.

PER CURIAM. The action is for negligence. Plaintiff, a woman of mature years, was a passenger in a motor car which, driven by her husband, came to collision with a car of the defendant's street surface electric railway. About 4 p. m. of an October day, the motor car was driven along a suburban road, known as the "Serpentine," which intersected the Clove Road whereon were laid the rails of the defendant. The Serpentine Road was about 25 feet wide, and quite steep, and curving on a side hill with a grade of 8 feet in 100. Plaintiff testifies that she was accustomed to riding in a motor car, was familiar with the roads in the vicinity of this accident, and had been a frequent passenger in a car over them. She testifies that she knew of the crossing by the Serpentine Road of this trolley line on the Clove Road; that she knew that vision was obstructed as one came down the hill and approached the crossing. She testifies that immediately before the accident she was talking with a guest in the car, who was sitting beside her; that they were not looking ahead or side, not particularly look-

---

ing; that she depended on her husband to do that, in whom she had implicit confidence and trust. She testifies also that she did not give any attention to the driving of the car. It appears that Clove Road was shut out from the Serpentine Road in this vicinity by a wall and the shrubbery upon the wall. The plaintiff also testifies that one coming down the hill in a motor car could see the trolley wires of the defendant's system across the Clove Road, and that one could see the top of the trolley pole—that, if one could see the wire, one could see the pole; but the car could not be seen unless one was looking for it, on account of the fence or the wall and the shrubbery. She further testifies that one who knew the road as well as she did could see the trolley wires a distance of 400 or 500 feet before reaching them, but that on this occasion she did not look. It appears, then, that the plaintiff did not take any precautions whatever. The testimony of the plaintiff's husband is that, as he came down the hill, he threw off the power, applied the brake, and proceeded at a very slow speed not exceeding six miles an hour; so that presumably a word of caution could have arrested the motor car.

We think, under the circumstances, the plaintiff must show that she exercised some care to ascertain whether there was peril in crossing the rails at this time. See Read v. New York Central & Hudson River R. R. Co., 123 App. Div. 228, 230, 107 N. Y. Supp. 1068.

It follows, then, that the exception to the refusal of the court to dismiss the complaint on the ground of contributory negligence was well taken. The point raised that the case does not contain all the evidence is answered by our judgment in German v. Brooklyn Heights R. R. Co., 107 App. Div. 354, 95 N. Y. Supp. 112, citing Rosenstein v. Fox, 150 N. Y. 354, 44 N. E. 1027, and Halpin v. Phenix Ins. Co., 118 N. Y. 165, 23 N. E. 482.

The judgment must be reversed, and a new trial granted; costs to abide the event.

