LOPES v. LINCH. (No. 7412.)

(Supreme Court, Appellate Division, First Department. June 4, 1915.)

1. STREET RAILROADS ⬅114—ACCIDENT ON TRACK—CONTRIBUTORY NEGLIGENCE.

Plaintiff, riding with his father on a heavily laden wagon drawn by one horse, who saw a car coming rapidly toward it and remained, though his father did not halt or change the course of the wagon, and who, when he saw the car a short distance away, told his father to go ahead, whereupon the wagon went on the track and its rear end was struck, was guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. ⬅114.]

2. NEGLIGENCE ⬅93—CONTRIBUTORY NEGLIGENCE—IMPUTED NEGLIGENCE.

Plaintiff, who was not only fully aware of the danger from the approaching car, but was actively directing the movements of the wagon, was chargeable with the contributory negligence of his father, if any.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 147–150; Dec. Dig. ⬅93.]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Antonio Lopes against George W. Linch, as receiver of the Second Avenue Railroad Company. From a judgment entered on a verdict, and from an order denying a motion for a new trial, the defendant appeals. Judgment and order reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles H. Tuttle, of New York City (Harold R. Medina, of New York City, on the brief), for appellant.

Moses Feltenstein, of New York City, for respondent.

HOTCHKISS, J. Plaintiff was injured by being thrown from a wagon, which was struck and overturned by one of the defendant's cars while attempting to cross the tracks of defendant's road. The wagon, which was drawn by one horse and was of the closed type, was loaded with barrels and other receptacles filled with vegetables, and according to plaintiff's estimate weighed altogether about eight tons. The plaintiff was sitting on the seat in front, beside his father, who was driving. The wagon was going north on the east side of Second avenue, on which there are two lines of track, one running north and the other south. When at about Thirty-Sixth street, where it was their intention to cross, the direction of the wagon having already been turned to the west, according to plaintiff's testimony, both he and his father looked to see if the road was clear, and plaintiff saw the car a little to the north of Thirty-Fifth street coming "pretty fast." Without halting or changing the course of the wagon, which continued on its way, and just as it was "about to get on the track," plaintiff looked again and saw the car about the distance of "three pillars" of the elevated road away, and plaintiff then told his father "to go ahead."

Plaintiff again looked when the car was 125 feet away, its speed apparently unchanged. At this time the horse or some part of the wagon was on the track, and plaintiff told his father "to whip the horse, that the car was coming." Thus urged, the horse "tried all he could, with the heavy load he had," and had succeeded in drawing all but the "back part" of the wagon clear of the track when it was struck.

[1, 2] On this state of facts the case cannot be distinguished from a number of cases where recovery has been denied on the ground of plaintiff's contributory negligence: Netterfield v. N. Y. City Ry. Co., 129 App. Div. 56, 113 N. Y. Supp. 434; Litzour v. N. Y. City Ry. Co., 116 App. Div. 477, 101 N. Y. Supp. 990; Clancy v. Troy & Lansingburgh R. R. Co., 88 Hun, 496, 34 N. Y. Supp. 877. The court charged that the contributory negligence, if any, of the plaintiff's father, who drove the wagon, was not attributable to plaintiff. The plaintiff not only was fully aware of the danger to be apprehended from the approaching car, but was an active participant in directing the movements of the wagon. Under these circumstances he is chargeable with the negligence of his father. Brickell v. N. Y. C. & H. R. R. Co., 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; Donnelly v. Brooklyn City R. R. Co., 109 N. Y. 16, 22, 15 N. E. 733.

The judgment should be reversed, with costs, the complaint dismissed, with costs, and the finding that the plaintiff was free from contributory negligence is reversed.

INGRAHAM, P. J., and CLARKE and SCOTT, JJ., concur. DOWLING, J., dissents.