CITY OF LINCOLN, APPELLEE, v. LINCOLN GAS & ELECTRIC LIGHT COMPANY, APPELLANT.

FILED JULY 1, 1916.    No. 18405.

Taxation: OCCUPATION TAX: DISCRIMINATION. When there are several public service corporations engaged in furnishing heat, light and power to the people of a city and occupying the streets, alleys and public places of the city, with their apparatus for that purpose, under franchise granted by the city, the fact that one furnishes heat, light and power by electric current conveyed by wires and the other by gas conveyed by underground mains does not furnish a sufficient basis for classification to justify levying an occupation tax upon one of such companies and not upon the other. A tax so levied is void for unjust discrimination.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. Reversed and dismissed.

Strode & Beghtol, for appellant.

C. Petrus Peterson, contra.

SEDGWICK, J. ·

In November, 1906, the city of Lincoln by ordinance No. 432 provided that no gas company should "charge, exact, demand or collect  *  *  *  more than the sum of one dollar net per 1,000 cubic feet," and in December of that year the defendant city by ordinance No. 439 imposed an occupation tax on all gas companies of $2\frac{1}{2}$ per cent. of the gross receipts of the company. Afterwards, on the 27th day of December of that year, this defendant began an action in the circuit court of the United States, district of Nebraska, alleging that both ordinances of the city were invalid, and asking for an injunction against their enforcement. In May, 1908, the city of Lincoln began this action in the district court for Lancaster county to recover the occupation tax provided for in the aforesaid ordinance. This action was not finally determined in the district court until in July, 1913, when that court entered a judgment against the defendant.

One of the objections to the ordinance imposing this tax is that it "denies to defendant the equal protection of the laws, and is unjust and discriminatory in its classification." The ordinance imposes a tax of $2\frac{1}{2}$ per cent. on "all gas companies manufacturing and furnishing gas to the inhabitants of the city of Lincoln." The defendant furnishes gas for heat, light and power purposes, and there is at least one other company whch has a franchise from the city, occupying streets and public places in the city as the defendant does, and furnishes heat, light and power by electric current as a public service corporation. There is no just basis of classification which will allow the imposition of an occupation tax upon one of two companies so organized with such privileges and not upon the other, when both companies are engaged, and competing as public service corporations, in furnishing the public generally with heat, light and power. The fact that the companies use different modes of conveying their product and supplying the de-

sired accommodations is not a sufficient basis for discriminating in exacting an occupation tax. In the action brought in the circuit court of the United States for this district by this defendant to restrain the enforcement of the so-called "dollar gas" ordinance, that court considered that it was necessary to determine the validity of the ordinance involved in this case, and in its opinion said: "The occupation tax of $2\frac{1}{2}$ per cent. for the year 1907 would have amounted to $4,484.15. This occupation tax I think invalid, as violating the Constitution of the state of Nebraska, requiring it to be uniform upon persons and property. In my judgment, an electric plant, which furnishes to the public light, heat, and power, should be classed the same as a gas plant, which furnishes to the public light, heat, and power. The fact that one furnishes the light, heat, and power by means of an electric current—the other by a current of gas—does not, in my judgment, justify a difference in classification. So far as the patrons are concerned, it is results that are sought for, and it is results which the respective parties furnish the public." The opinion was filed March 20, 1909. That court then enjoined the enforcement of this ordinance. *Lincoln Gas & Electric Light Co. v. City of Lincoln*, 182 Fed. 926. An ordinance passed in March, 1906, levied an occupation tax of 2 per cent. on the business of manufacturing electric current. In December, 1909, after the said decision in the "dollar gas" case, an ordinance was enacted repealing both of the former ordinances and levying an occupation tax of 3 per cent. on the manufacture and sale of gas and electric current. We think the federal court was right in holding the first ordinance invalid, and it follows that the plaintiff can have no right of action thereunder. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

LETTON, J., dissenting.

I am unable to concur in the view of the majority. The opinion holds, without citing a single authority to

sustain the position, that there is not sufficient difference between a gas company and an electric light and power company to classify them as different occupations for the purpose of imposing a business tax, and that such a tax imposed upon one of these occupations and not upon the others is void for that reason. The general principle as to such cases is clearly stated in 37 Cyc. 732, as follows: "The principle of equality and uniformity does not require the equal taxation of all occupations or pursuits, nor prevent the legislature from taxing some kinds of business while leaving others exempt, or from classifying the various forms of business, but only that the burdens of taxation shall be imposed equally upon all persons *pursuing the same avocation*." No provision of either statute or constitution has been pointed out to justify the conclusion reached, and I think none can be found.

The real question is whether there is any such difference in the occupation of manufacturing and selling gas and that of producing and selling electricity as to afford room for classification. It seems to me there is no room for doubt here. An electrician carries on an entirely different occupation from that of a gas-maker, and makes a different product, though it may be used for some similar purposes. There is no more resemblence between them than between a Christian Science healer and a physician of the most rigid allopathic school; or between a surgeon and an osteopath or chiropractor. Can it be said that an occupation tax upon physicians is invalid because no tax is imposed upon mental healers, osteopaths or Christian Science practitioners? Yet, all these classes attempt to perform the same function, that of healing bodily ills. A baker and a butcher and a grocer all sell food. Is there no distinction between them for the purpose of taxation? Steam laundries and poor washerwomen perform exactly the same service. Under the law as laid down in the opinion, an occupation tax cannot be levied upon steam laundries unless it also includes

within its terms the poor woman, or the Chinese laundry-man, because the product of their labor is the same. But the question involved has repeatedly been decided in this state. As recently as in *Norris v. City of Lincoln,* 93 Neb. 658, it was held that the business of loaning money upon chattel security might be taxed, though the business of loaning money on every other kind of security or without security was exempt. The contention was made in that case, as in this, that the tax was discriminatory and void. The subject is lucidly discussed by Judge Barnes in the opinion, and the conclusion expressed in the syllabus that, "When a city charter authorizes a municipality to require by ordinance a license tax of persons engaged in any occupation, trade, or business carried on within the corporate limits of the city, the municipal authorities may by ordinance classify the different occupations for taxation, and impose different taxation in different amounts upon the different classes; and a classification made by such authorities will not be interfered with by the courts, unless it manifestly appears that it is unreasonable and arbitrary." Up to this time this has been settled law in this state.

In *State v. Insurance Co. of North America,* 71 Neb. 320, an occupation tax which discriminated as to insurance companies between those whose domicile was in a state the laws of which discriminated against outside companies, and those whose domiciles were in states which had no such laws, was held to be valid. Yet, both were selling insurance.

In *Rosebloom v. State,* 64 Neb. 342, it was held that there was such a distinction between peddlers who sell their own products and those who sell the productions of others that the legislature may make this a basis of classification for the purpose of taxation, and said: "The real test of the validity of defendant's objection to this statute is not whether the classification is wise and just, but whether the legislature acted arbitrarily,

whether, without an adequate determining principle, it made a division of peddlers into two classes, and then sought to deprive one class of their constitutional right to the equal protection of the laws. If there is a genuine and substantial distinction between persons who go from house to house, and place to place, vending their own products, and those who sell in the same manner the productions of others, the classification is founded in the nature of things, and is therefore upon a basis everywhere recognized as lawful." See, also, *Magneau v. City of Fremont,* 30 Neb. 843; *Aachen & Munich Fire Ins. Co. v. City of Omaha,* 72 Neb. 518; *Western Union Telegraph Co. v. City of Fremont,* 39 Neb. 692.

Section 1, art. IX of the Constitution, provides: "The legislature  *  *  *  shall have power to tax peddlers, auctioneers,  *  *  *  in such manner as it shall direct by general law, uniform as to the class upon which it operates."

Mr. Dillon says, in 4 Municipal Corporations (5th ed.) sec. 1410: "Such constitutional provisions do not preclude the classification of occupations for purposes of taxation, and their requirements are satisfied if all the persons in a particular class of business are taxed alike or upon the same principle, although other and distinct vocations and businesses are not taxed or are taxed at a different rate." This is the doctrine formerly adopted in this state, but set aside by the majority opinion.

The tax imposed upon the defendant is for revenue purposes. "An ordinance having no element of regulation, and showing on its face that the sole purpose of the city authorities in adopting it was to raise revenue, is a tax ordinance, even though the right to engage in the business or calling taxed is made to depend upon paying the tax and obtaining a license." *State v. Boyd,* 63 Neb. 829.

An occupation tax may be unjust and discriminatory; it may tax a few occupations and leave scores of others untaxed; but, as long as there is a reasonable basis for classification and it acts uniformly upon the class or occupation of persons taxed, it is not invalid under the Constitution, and the courts should not interfere.

Rose, J., not participating.