## Kleiman *v.* Pennsylvania Railroad Co., Appellant.

*Negligence—Railroads—Crossing—Parties.*

Where two men while engaged in their employer's business drive a wagon across the tracks of a railroad without having made any proper stop to look and listen, and the man who was actually driving was killed, and the other was injured, and the Supreme Court decides that the man who was killed was guilty of contributory negligence and reverses a judgment in favor of the deceased's widow, the Superior Court will pursue the same course in an action by the other man to recover for his injuries, if it appears that each of the parties in the wagon had an adequate opportunity of seeing and hearing the approaching train, and that each was equally guilty of contributory negligence.

Argued Dec. 14, 1916.   Appeals, Nos. 47 and 48, Oct. T., 1916, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 2477, on verdict for plaintiffs in case of Harry Kleiman, by his next friend and father, Abraham Kleiman, and Abraham Kleiman in his own right v. Pennsylvania Railroad Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEP-HART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for Harry Kleiman for $750, and for Abraham Kleiman for $155.   Defendant appealed.

*Error assigned* was in overruling motion for judgment for defendant n. o. v.

*Sharswood Brinton,* with him *Spencer Ervin,* for appellant.

*Henry Arronson,* with him *Martin Feldman* and *Frederick J. Shoyer,* for appellees.

OPINION BY ORLADY, P. J., March 16, 1917:

These two appeals are from judgments entered in the court below, after a trial of both cases before the same jury and separate verdicts rendered, one in favor of the father, the other in favor of the son.

The minor plaintiff, and Bernstein, were employees of one Brody, a house furnisher; while engaged in his business they were driving a horse drawing a covered wagon, and in attempting to cross the tracks of the defendant company at a grade crossing, Bernstein was killed and Harry Kleiman (the minor plaintiff), was injured. Suit was brought by the widow of Bernstein and a recovery had, which on appeal to the Supreme Court, 252 Pa. 581, the judgment was reversed, and entered for the defendant.

This case was tried before the Bernstein case was decided by the Supreme Court, so that the court below did not have the benefit of that decision. The testimony in the two cases is substantially the same, and it would be a manifest inconsistency to affirm this judgment in the light of the reasoning of POTTER, J., in the Bernstein case.

A careful examination of this record demonstrates the similarity between the two. The plaintiff herein was not a passenger, but was equally engaged with Bernstein in the business of an employer common to each, and he cannot shield himself behind the driver's negligence. He was a witness in the Bernstein case (there called Clymer), and it was upon an analysis of his testimony that the conclusion of the Supreme Court was reached, so that every argument applied to Bernstein relates with equal force to this appellee: see Sieb v. Central Penna. Traction Company, 47 Pa. Superior Ct. 228. Each of the parties

in the wagon had an adequate opportunity of seeing and hearing the approaching train, and each was equally guilty of contributory negligence when they entered upon the tracks under the surrounding circumstances, which must necessarily have been known to each had they observed the mandatory rule governing the crossing of railroad tracks at grade.

For the reasons given in Bernstein v. The Penna. R. R. Co., infra, we make the same order in this case, the assignments of error are sustained, the judgment is reversed, and is here entered for the defendant.