## MONTAGUE v. SALT LAKE & U. R. CO.

No. 3098.   Decided July 10, 1918.   (174 Pac. 871.)

1. TRIAL—INSTRUCTIONS—INVADING PROVINCE OF JURY. In an action for damages sustained in a railroad crossing accident, instruction *held* to leave to the jury the question whether the railroad company was negligent in failing to put up cross-arms at a highway crossing, and not objectionable as declaring that such failure constituted negligence per se.[1]   (Page 370.)

2. NEGLIGENCE—IMPUTED NEGLIGENCE—DRIVER OF VEHICLE—INJURY TO INVITEE OR GUEST. The negligence of the driver of a vehicle is not imputable to the passenger, or to the invitee or guest of the driver.[2]   (Page 371.)

3. RAILROADS — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE — GUEST OF DRIVER OF VEHICLE. The invitee or guest of the driver of a vehicle is not charged with the same strict legal duty of keeping a lookout as the driver, and where the driver was experienced and competent, and the plaintiff was a guest and an inexperienced minor, and the circumstances would not cause all reasonable men to

---

[1] *Shortino* v. *Salt Lake & Utah R. Co.*, 52 Utah, 476, 174 Pac. 860.

[2] *Lochhead* v. *Jensen*, 42 Utah, 99, 129 Pac. 347; *Atwood* v. *Utah*, L. & Ry. Co., 44 Utah, 366, 140 Pac. 137; *Martindale* v. *O. S. L. R. Co.*, 48 Utah, 469, 160 Pac. 275.

conclude that plaintiff was negligent, plaintiff was not guilty of contributory negligence as a matter of law.[3]  (Page 371.)

4. TRIAL—REFUSAL OF INSTRUCTIONS—MATTERS COVERED BY OTHER INSTRUCTIONS.  It was not error to refuse requested instructions where every proposition which could be submitted to the jury was sufficiently covered by instructions given.  (Page 372.)

Appeal from the District Court of Salt Lake County, Third District; *Hon. P. C. Evans,* Judge.

Action by Isadora Montague, by her guardian ad litem, Lovina Montague, against the Salt Lake & Utah Railroad Company.

Judgment for plaintiff.  Defendant appeals.

AFFIRMED.

*Moore, Mitchell & Maginnis* for appellant.

*Hancock & Barnes* for respondent.

FRICK, C. J.

Plaintiff, a young girl seventeen years of age at the time of trial, recovered judgment against the defendant for damages for personal injuries which she alleged were sustained, by reason of the defendant's negligence, in a collision between an automobile in which she was riding and one of defendant's interurban trains at a public crossing.

The facts and circumstances of this case are essentially the same as those of the preceding case of *Shortino* v. *Salt Lake & Utah R. Co.,* 52 Utah, 476, 174 Pac. 860 (just decided).

While, perhaps, the evidence in this case differs somewhat from the evidence produced in the Shortino Case, yet, in view that the action is based upon the same collision that that action

---

[3] *Shortino* v. *Salt Lake & Utah R. Co.,* 52 Utah, 476, 174 Pac. 860; *Atwood* v. *Utah, L. & R. Co.,* 44 Utah, 366, 140 Pac. 137.

was based on, the controlling facts are the same in both cases. We shall, therefore, refrain from restating the facts, but will merely refer to the statement of facts in the Shortino Case.

The plaintiff here was riding in the front seat of the automobile referred to in the Shortino Case at the time of the collision, and was injured at the same time that Mr. Shortino was injured, who was driving the automobile, and who was the plaintiff in the case referred to.

While counsel for defendant have assigned a large number of errors, yet they have grouped them into four propositions: (1) That the court erred in receiving evidence respecting the defendant's failure to put up and maintain at the crossing where the accident occurred cross-arms, or some similar device, to apprise travelers on the public highway of the presence of the railroad track; (2) that the court erred in instructing the jury upon that question; (3) that if the negligence of the driver is not imputable to the plaintiff, yet she was guilty of contributory negligence as matter of law, and that the court erred in refusing to charge the jury to that effect; and (4) that the court erred in refusing certain of defendant's requests to charge.

The first proposition is disposed of by what we have said upon that subject in the Shortino Case, and hence requires no further consideration.

The second proposition is not tenable for the reason that the instruction complained of is not open to the construction placed thereon by counsel for defendant. While it is true that they insist that the court charged the jury to the effect that the failure to put up cross-arms, or some similar device, at the crossing in question to apprise travelers of the presence of the railroad track constituted negligence per se, yet the ordinary and obvious meaning of the language of the instruction, in our judgment, is to the contrary. The court left the question of whether the failure to put up cross-arms, or some similar device, at the crossing constituted negligence to the determination of the jury under the facts and circumstances disclosed by the evidence. In the Shortino Case we, in effect, held that such an instruction was

proper.   It is therefore unnecessary to pursue that subject
further.

This brings us to the third proposition, which presents the
only serious question in the case.   This court is now firmly
committed to the doctrine that the negligence of the driver
of a vehicle is not imputable to the passenger, or to the
invitee or guest of the driver.   *Lockhead* v. *Jensen*,        2
42 Utah, 99, 129 Pac. 347; *Atwood* v. *Utah L. & Ry. Co.*,
44 Utah, 366, 140 Pac. 137; *Martindale* v. *O. S. L. R. Co.*, 48
Utah, 469, 160 Pac. 275.   The same doctrine is adhered to by
the Supreme Court of California in the case of *Tousley* v.
*Pacific El. Ry. Co.*, 166 Cal. 457, 137 Pac. 31, which was a case
where an automobile collided with a street car at a public
crossing, and it was held that the negligence of the driver
was not imputable to the driver's invitee or guest.   In all of
the cases cited from this court it was, however, held that the
invitees or guests there involved were not guilty of negligence
as a matter of law, and hence the rulings of the trial courts
in refusing to submit that question to the jury were upheld
by this court.

Counsel for defendant insist that the facts of this case are
such as to make the plaintiff guilty of negligence as matter of
law notwithstanding that she was a mere invitee or guest of
Shortino, the owner and driver of the automobile in
question.   While it is true that it taxes one's credulity        3
somewhat to believe that one riding in the front seat of
an automobile, as plaintiff was, with every opportunity to see
and hear what was going on around her, neither heard the
whistle or noise of the train as it approached the crossing,
nor saw the headlight from the train the moment the auto-
mobile passed into the open space after passing the barn or
stable referred to in the Shortino Case, yet when her age, her
lack of experience, the duty imposed on her by law, and all
the other facts and circumstances are considered, the question
of whether her conduct and inaction constituted negligence
is not so positive and clear that all reasonable men must neces-
sarily arrive at the same conclusion as is the case respecting
the conduct and duty of Shortino, the driver of the automobile

in question. Moreover, it should be remembered that, under the doctrine laid down in the Atwood and Martindale Cases, the plaintiff was not charged with the same strict legal duty of keeping a lookout and being watchful as the owner and driver of the automobile, Mr. Shortino.

The rule applicable here, which is adopted by the Supreme Court of Minnesota in the case of *Cotton* v. *Willmar & S. F. Ry. Co.*, 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. Rep. 422, 9 Ann. Cas. 935, which case is cited and followed in the Atwood Case, supra, is stated thus:

> "The rule which has met with general approval in the more recent cases makes the passenger responsible only for his personal negligence, and leaves it to the jury to determine whether, under the circumstances, he was justified in trusting his safety to the care of the driver and not looking or listening for himself. The negligence of the driver is thus not imputed to the guest or passenger, but the circumstances may be such as to make it the duty of the passenger to look and listen and attempt to control the driver for his own protection. The passenger is thus held responsible for his own negligence, but not for the negligence of the driver. He must exercise due care and caution, and, if his negligence contributes approximately to the accident, he cannot recover damages."

The district court, in effect, so charged the jury in the case at bar, and they found that the plaintiff was not guilty of negligence barring a recovery.

As before stated, the facts in this case are such that the jury might well have found against the plaintiff, yet, by keeping in mind her age, her lack of experience, the legal duty imposed upon her, and all of the circumstances of the case, the question is not so free from doubt as to justify the court to declare her guilty of such negligence as a matter of law as will bar a recovery. It appeared from the evidence in the Shortino Case that he had had considerable experience in driving automobiles; that he was a man of mature age, and apparently was a competent and reasonably safe driver. Plaintiff, as the guest of Shortino, had the right to rely, to a reasonable extent at least, upon his superior knowledge, experience, and skill in driving his own automobile.

Appeal from Second District.

In view of all the facts and circumstances, therefore, the court committed no error in submitting the question of plaintiff's negligence to the jury.

It is next urged that the court erred in refusing to charge as requested. We have carefully examined the court's charge, and, in connection therewith, defendant's requests to charge which were refused, and, after doing so, we are convinced that every legal proposition which it was proper to submit to the jury was sufficiently covered in the court's general charge. In view of that, the court committed no error in refusing defendant's requests.

From what has been said, it follows that the judgment should be, and it accordingly is, affirmed, plaintiff to recover costs on appeal.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.