# COWAN v. SALT LAKE & U. R. CO.

### No. 3418.   Decided April 12, 1920.   (189 Pac. 599.)

1. STREET RAILROADS—SPEED AT CROSSING HELD TO SUSTAIN FINDING OF NEGLIGENCE.   Evidence that an interurban car approached a crossing in the heart of a town and near a station at a speed of from thirty to thirty-five miles an hour is sufficient to sustain a verdict finding car was operated at a negligent speed, though there was no ordinance limiting its speed.

2. APPEAL AND ERROR—ERROR IN GRANTING NEW TRIAL FOR EXCLUSION OF EVIDENCE HELD INVITED.   Where the trial court excluded an ordinance limiting speed of defendant's cars, but by consent held in abeyance its ruling on a motion for new trial until the validity of that ordinance was determined on appeal in other cases, it properly granted a new trial if the ordinance was sustained, and defendant could not complain thereof, though it was not subject to the ordinance for a reason not presented in any of the previous cases.

3. NEGLIGENCE—STREET RAILROADS—GUEST OF AUTOMOBILE DRIVER NOT LIABLE FOR HIS NEGLIGENCE, BUT ONLY FOR HER OWN NEGLIGENCE, WHICH IS FOR JURY.   A guest or invitee of the driver of an automobile which collided with an interurban car at a crossing is responsible only for her own negligence, not the negligence of the driver, and it is ordinarily a question for the jury whether under the circumstances she was justified in trusting her safety to the car of the driver.[1]

4. STREET RAILROADS—AUTOMOBILE GUEST'S NEGLIGENCE QUESTION FOR JURY.   Invited guest of an automobile driver who was riding on the rear seat holding another person on her lap *held*, under the evidence, not negligent as a matter of law, though she did not hear or see approaching interurban car, as she might have done, if she had looked or listened.

5. TRIAL—WHERE COURT'S CHARGE COVERED EVERY PHASE, REFUSAL OF REQUESTS WAS PROPER.   Where the court's charge covered every possible phase of the case, it was not error to refuse to charge the jury as requested by defendant.

[1] *Atwood* v. *Railroad Co.*, 44 Utah 366, 140 Pac. 137; *Martindale* v. *Oregon S. L. R. Co.*, 48 Utah 464, 160 Pac. 275; *Lawrence* v. *Denver & Rio Grande R. Co.*, 52 Utah, 414, 174 Pac. 817.

Appeal from District Court, Third District, Salt Lake County; *P. C. Evans*, Judge.

Action by Edna Cowan against the Salt Lake & Utah Railroad Company. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for appellant.

*Hancock & Barnes,* of Salt Lake City, for respondent.

FRICK, J.

The plaintiff recovered judgment in the district court of Salt Lake county against the defendant for damages for personal injury which she alleged was received through the negligence of the defendant in operating one of its suburban passenger trains at a street crossing in the town of Salem, Utah, which train collided with an automobile in which the plaintiff was riding at the time of the accident. The defendant appeals from the judgment.

The collision in question was considered by this court in the case of *Shortino v. Salt Lake & U. R. Co.,* 52 Utah 476, 174 Pac. 860, and in *Montague v. Same,* 52 Utah 368, 174 Pac. 871. In the opinion in the Shortino Case we appended a plat or sketch showing the railroad crossing and the surrounding objects, and we there made a full statement of the facts as to how and under what circumstances the collision occurred. The facts in this case, except in some particulars affecting the plaintiff's conduct, to which she shall refer specifically hereinafter, do not materially differ from the facts stated in the Shortino Case, and for that reason we shall omit a detailed statement of the facts here, referring the reader to the statement in that case. In the Shortino Case we reversed the

judgment in his favor, and there held that Shortino, the plaintiff in that case, in driving or operating his automobile onto the railroad track in front of the oncoming train was guilty of negligence as matter of law and therefore could not recover although the defendant was also guilty of negligence in operating its train. In other words, we there held that Shortino's negligence was the proximate cause of the accident and consequent injury to himself. Upon the other hand, in the Montague Case, which arose out of the same collision, we held that, although Miss Montague, the plaintiff in that case, sat in the front seat of the automobile with Mr. Shortino, and in attempting to cross the railroad track was required to exercise ordinary care for her own safety, yet, in view of her youth, inexperience, and the surrounding circumstances, we were not authorized to say that she was guilty of contributory negligence as matter of law. In view, therefore, that the jury, under appropriate instructions, had found that she was not guilty of contributory negligence, we affirmed the judgment in her favor. It is now vigorously contended by the defendant that in view that the plaintiff in this case at the time of the accident was twenty years of age, it should be held that she was guilty of contributory negligence as matter of law, and hence that the judgment in her favor should be reversed.

This case was tried twice in the court below. On the first trial the court ruled out the franchise ordinance to which reference is made in the Shortino Case, and also withdrew from the jury the evidence relating to the defendant's failure to erect cross-arms or some suitable device at the crossing to indicate to those who were passing along the street that they were about to cross a railroad track. The jury returned a verdict for the defendant, upon which judgment was duly entered. The plaintiff, in due time, filed a motion for new trial. While that motion was pending the trial of the Shortino Case came on, in which the trial court reconsidered and reversed its rulings with respect to the exclusion of the franchise ordinance and the evidence relating to defendant's failure to erect cross-arms and permitted the proffered evidence

to go to the jury.   The jury returned a verdict in favor of Shortino, and the defendant appealed the case to this court. Two of the errors assigned on that appeal related to the admission in evidence of the franchise ordinance and the evidence respecting defendant's failure to erect cross-arms at the railroad crossing.   In view that those two questions were about to be presented to this court on that appeal the ruling on plaintiff's motion for new trial was, by agreement, held in abeyance by the court until this court had passed upon the alleged errors in admitting the franchise ordinance and the evidence respecting defendant's failure to erect cross-arms. This court, in the Shortino Case, held that, inasmuch as it appeared from the evidence in that case that the defendant had accepted the provisions of the franchise ordinance, one of which was that the speed of its trains was limited to twelve miles an hour, and that it was operating its railroad through the town of Salem pursuant to those provisions, the ordinance was properly admitted in evidence upon the question of excessive speed.   We also held that in view that the plaintiff had alleged the defendant's failure to erect cross-arms or some other suitable device to indicate the presence of the crossing as constituting negligence, the court did not err in admitting that evidence.   It will thus be seen that according to the rulings of this court in the Shortino Case the trial court had erred in excluding the franchise ordinance and in withdrawing from the jury the evidence relating to the failure to erect cross-arms.   After that ruling was brought to the attention of the trial court it sustained plaintiff's motion for new trial, and the case was tried the second time.   On the second trial the franchise ordinance and its acceptance were admitted without objection, and the evidence relating to defendant's failure to erect cross-arms was also submitted.   After plaintiff's evidence was all in, and after she had rested her case, the defendant proved that it had not accepted the franchise ordinance, and had not operated, and was not operating, its trains pursuant to its provisions, for the reason that in the ordinance it was provided that unless the railroad were constructed within a specified time the ordinance should

lapse, it being shown that the railroad was not constructed within the time specified. Defendant also proved that the railroad was thereafter constructed and was being operated under the statutes of this state, and not pursuant to the provisions of the ordinance. This evidence was not disputed by the plaintiff, and hence the trial court withdrew the franchise ordinance from the consideration of the jury, but submitted for their consideration the evidence relating to the failure to erect cross-arms. The jury on the second trial returned a verdict for the plaintiff, upon which judgment was duly entered. The defendant, in due time, filed its motion for new trial, which was denied. Hence this appeal. One of the errors assigned and argued is that the trial court erred in denying its motion for a new trial because the evidence is insufficient to sustain the verdict and judgment.

It is strenuously argued that in view that the evidence is without dispute that the defendant did not operate its trains pursuant to the franchise ordinance, and that for that reason the evidence on the second trial was the same as on the first one, with the exception of its failure to erect cross-arms, and that that evidence, according to the ruling of this court, in view of Shortino's negligent conduct, was held to be of no effect, therefore, there was no evidence in support of the finding of negligence on the part of defendant. In making that contention defendant's counsel overlook the fact that the evidence is clear that the defendant operated its train at from thirty to thirty-five miles an hour in approaching the crossing, which was near, if not in, the heart of the town, and only a few hundred feet from the station. Entirely apart, therefore, from the speed limit fixed in the franchise ordinance there was, to say the least, some substantial evidence that the train was operated at an excessive rate of speed, and it was for the jury to say whether the rate of speed under the circumstances constituted negligence or not. The mere fact that the jury on the first trial arrived at the contrary conclusion, if that was the case, is by no means conclusive that there was no substantial evidence of negligence in operating the train at an excessive rate of speed. One

jury might find one way, and its findings could not be assailed, while another jury might arrive at the contrary conclusion and its finding likewise be unassailable as matter of law. So long as there was some substantial evidence upon which to base a finding of negligence the court had no right to withdraw the case from the jury nor to set aside its verdict upon the ground that it was not supported by sufficient evidence.

There are, however, other reasons why the court did not err in granting the motion for new trial. It will be observed that in the Shortino Case it was conceded that the franchise ordinance was accepted by the defendant. The decision of this court was therefore based upon its acceptance, and the ruling of the trial court in granting plaintiff's motion for new trial was based upon that decision. The evidence that the defendant did not operate its trains pursuant to the franchise ordinance was not produced, and apparently not known to either the court or plaintiff or her counsel, until after the motion for new trial had been granted and the case was being tried the second time, as before stated. One of the reasons now urged why the trial court erred in denying defendant's motion for new trial in this case is that it was made to appear on the second trial by the undisputed evidence that the defendant was not bound by the provisions of the franchise ordinance. Grant that, and yet it does not follow that the court erred in denying its motion for new trial. All the evidence upon that subject was produced after plaintiff's motion for new trial had been granted, and the case was therefore again set at large. The ruling of the trial court in following the rulings of this court was correct when it was made, and and the mere fact that the defendant produced its evidence respecting the franchise ordinance on the second trial in no way affected the legality of that ruling. In withdrawing the ordinance from the jury the defendant obtained every right and advantage it was entitled to. Moreover, the rulings by this court, and that of the trial court, were induced by the defendant's admission that its trains were being operated pursuant to the franchise ordinance. That being so, no

other rulings than those made by this court in the Shortino Case, nor by the trial court on plaintiff's motion for new trial, were legally permissible. We are of the opinion that this case comes within the doctrine of invited error. The law in that regard is well and tersely stated in 3 Cyc. 242, in the following words:

"An appellant or plaintiff in error will not be permitted to take advantage of errors which he, himself, committed, or invited or induced the trial court to commit, *or which were the natural consequences of his own neglect or misconduct.*" (Italics ours.)

That part of the foregoing excerpt in which the doctrine is made applicable in case the rulings complained of "were the natural consequences of his [the appellant's] own neglect" is especially applicable here, and manifestly so because the plaintiff may have waived her right of appeal on the first trial because the question was being presented to this court in the Shortino Case. Had she appealed from the judgment entered against her on the first trial and had assigned as error the exclusion of the ordinance, she necessarily would have had the judgment reversed in this court. In that event the judgment entered on the first trial could not have been reinstated, and we think such is likewise the case now.

In passing from this question it is only fair to counsel who now represent the defendant to state that they did not represent the defendant on the first trial.

Having thus arrived at the conclusion that the district court did not err in granting plaintiff's motion for a new trial, nor in denying defendant's motion for a new trial in this case, nor in failing to reinstate the judgment on the former trial for the reasons stated, it becomes unnecessary to pass on the ruling respecting cross-arms, to which reference has been made, for the reason that the result in this case must be the same whichever way that question were decided.

Defendant's counsel, however, very earnestly contend that this appeal should be controlled by the decision in the Shortino Case, and that we should hold that the plaintiff was guilty of contributory negligence as matter of law. Counsel have filed a most elaborate argument, and have cited a large

number of cases in support of their contention. Indeed, they insist that this court is not in harmony with the great weight of authority respecting crossing accidents, and further urge that our own decisions are not in perfect harmony. In view that the question has been so elaborately argued by eminent counsel, and in view of their earnest contentions, we have deemed it best not to limit this opinion to a mere statement of our conclusions, but to treat the subject somewhat at length, and once for all state the reasons which have impelled us to arrive at the conclusions which counsel seem to think are out of harmony with the decisions of many other courts of last resort.

We shall first refer to the cases upon which counsel rely. They cite *Beemer* v. *C., R. I. & P. Ry. Co.*, 181 Iowa 642, 162 N. W. 43; *Morris* v. *C., B. & Q. Ry. Co.*, 101 Neb. 479, 163 N. W. 799; *Virginia & S. W. Ry. Co.* v. *Skinner*, 119 Va. 843, 89 S. E. 887.; *Johnston* v. *Delano*, 100 Neb. 182, 158 N. W. 1034; *Blanchard* v. *Maine Cent. R. Co.*, 116 Me. 179, 100 Atl. 666; *L. S. & M. S. Ry. Co.* v. *Boyts*, 16 Ind. App. 640, 45 N. E. 812; *Hajsek* v. *C., B. & Q. Ry. Co.*, 5 Neb. (Unof.) 67, 97 N. W. 327; *Aurelius* v. *L. E. & W. Ry. Co.*, 19 Ind. App. 584, 49 N. E. 857; *Miller* v. *L., N. A. & C. Ry. Co.*, 128 Ind. 97, 27 N. E. 339, 25 Am. St. Rep. 416; *Illinois Cent. R. Co.* v. *McLeod*, 78 Miss. 334, 29 South. 76, 52 L. R. A. 954, 84 Am. St. Rep. 630; *Smith* v. *Maine Cent. R. Co.*, 87 Me. 339, 32 Atl. 967; *Dean* v. *Penn. R. Co.*, 129 Pa. 514, 18 Atl. 718, 6 L. R. A. 143, 15 Am. St. Rep. 733; *Fogg* v. ·*N. Y., N. H. & H. R. Co.*, 223 Mass. 444, 111 N. E. 960; *Dunlap* v. *Phladelphia R. Tr. Co.*, 248 Pa. 130, 93 Atl. 873; *Conant* v. *Grand Tr. Ry. Co.*, 114 Me. 92, 95 Atl. 444; *Coby* v. *Quincy, O. & K. C. R. Co.*, 174 Mo. App. 648, 161 S. W. 290; *Landrum* v. *St. L., I. M. & S. Ry.* (Mo. App.) 178 S. W. 273; *Sou. Ry. Co.* v. *Jones Adm'r*, 118 Va. 685, 88 S. E. 178; *Fechley* v. *Springfield Tr. Co.*, 119 Mo. App. 358, 96 S. W. 421; *Leopold* v. *T. & P. Ry.*, 144 La. 1000, 81 South. 602; *Hunter* v. *Montana Cent. Ry. Co.*, 22 Mont. 525, 57 Pac. 140; *Read* v. *N. Y. C. & H. R. R. Co.*, 123 App. Div. 228, 107 N. Y. Supp. 1068; *Brown* v. *M. & St. P. Ry. Co.*, 22 Minn. 165; *Brickell* v. *N. Y. C. & H. R. R. Co.*,

120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648; *Klinczyk* v. *Lehigh Valley Ry. Co.*, 152 App. Div. 270, 136 N. Y. Supp. 696; *Pouch* v. *Staten Island M. Ry. Co.*, 142 App. Div. 16, 126 N. Y. Supp. 738; *Brommer* v. *Penn. R. Co.*, 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924; *Davis* v. *C., R I. & P. Ry. Co.*, 159 Fed. 10, 88 C. C. A. 488, 16 L. R. A. (N. S.) 424; *Erie R. Co.* v. *Hurlburt*, 221 Fed. 907, 137 C. C. A. 447; *Hall* v. *West Jersey & S. R. Co.*, 244 Fed. 104, 156 C. C. A. 532; *Kleiman* v. *Penn. R. R. Co.*, 66 Pa. Super. Ct. 295; *Robinson* v. *O.-W. R. & N. Co.*, 90 Or. 490, 176 Pac. 594; *Hoyle* v. *N. P. Ry. Co.*, 105 Wash. 652, 178 Pac. 810; *Cable* v. *Spokane & I. E. R. Co.*, 50 Wash. 619, 97 Pac. 744, 23 L. R. A. (N. S.) 1224; *Kirkland* v. *A., T. & S. F. Ry. Co.*, 104 Kan. 388, 179 Pac. 363; *Lopes* v. *Linch*, 168 App. Div. 41, 153 N. Y. Supp. 673.

We have cited the foregoing cases, and shall briefly refer to the decisions for the reason that at the hearing it was strongly intimated that the decisions of this court relating to railroad crossing, accidents were not supported by the great weight of authority.

In *Beemer* v. *Chicago, R. I. & P. Ry.*, the Supreme Court of Iowa held the wife, who sat with her husband in the front seat of the automobile, equally guilty of contributory negligence with him, he having operated the automobile at the time of the accident. In that case both the husband and wife were aware of the danger and each saw all that the other could have seen.

In *Morris* v. *Chicago, B. & Q. Ry. Co.*, the Supreme Court of Nebraska, by a divided court, held that one who was sitting in the front seat with the operator of the automobile, and who was thoroughly familiar with the crossing and its surroundings, was equally guilty with the operator, and hence could not recover.

In *Virginia & S. W. Ry. Co.* v. *Skinner*, a passenger in an automobile was held guilty of contributory negligence as a matter of law. That case is a clear case of contributory negligence upon all the parties in the automobile. The same is true of *Johnston* v. *Delano*, a Nebraska case.

Appeal from Third District

*Blanchard* v. *Maine Cent. R. Co.* is a case very much like the Shortino Case, and it was there held that the person who sat in the front seat with the operator of the automobile was guilty of contributory negligence as a matter of law. The facts in that case, however, are much stronger against the plaintiff than in this or the Montague Case.

In *Lake Shore & M. S. Ry. Co.* v. *Boyts*, the rule prevailing in Indiana is stated thus:

"It is firmly settled by the Supreme Court of this state that in an action of this kind [a crossing case] contributory negligence on the part of the plaintiff is not a matter that the defendant must establish, but that the plaintiff must allege in his complaint and prove that the injury was incurred without his own negligence having contributed thereto. The burden is on him to show, not only the negligence of the defendant, but also his own freedom from any negligence contributing to the injury."

It was accordingly held that the plaintiff, who was seated with the driver of the vehicle, had not proved his freedom from negligence. It goes without saying that the rule which controls the Indiana case has no application in this jurisdiction. We may say in passing, however, that in view of the facts disclosed in that case it would have been one for the jury in this jurisdiction.

The case of *Hajsek* v. *Chicago, B. & Q. Ry. Co.* was a clear case of contributory negligence.

*Aurelius* v. *Lake Erie & W. Ry. Co.* is another Indiana case, and is controlled by the rule before stated. That case would have been a jury case in this jurisdiction. The same is true of *Miller* v. *Louisville, N. A. & C. Ry. Co,.* which is another Indiana case, where it was held that the wife of the driver had not shown, that she was free from contributory negligence, and for that reason must fail in the action.

The case of *Illinois Cent. R. Co.* v. *McLeod* was decided by the Supreme Court of Mississippi, and is a clear case of contributory negligence on the part of the driver of a horse and buggy, and it was held that plaintiff, who was sitting with the driver, was also guilty of contributory negligence barring a recovery. That case can have no controlling influence here.

*Smith* v. *Maine Cent. R. Co.* is a case of manifest miscon-

duct on the part of both the driver of the horse and buggy and of his companion who was sitting with the driver.

*Dean* v. *Pennsylvania R. Co.* is again a clear case of negligence in driving a horse and buggy onto a railroad crossing without looking. In that case an invitee of the driver was held guilty of contributory negligence the same as the driver, in that the former had ample opportunity to protect himself, but did not do so.

*Fogg* v. *New York, N. H. & H. R. Co.* is a Massachusetts case where the same rule is in force as in Indiana. It was accordingly held that where both the husband and the wife were killed in attempting to cross a railroad track the evidence failed to show that the wife was free from negligence. The court remarked: ''There is no evidence that she did anything for her own safety.''

In *Dunlap* v. *Philadelphia R. Tr. Co.* recovery was denied upon the ground that the driver was clearly guilty of contributory negligence, and that his companion could not recover because he and the driver were at the time ''engaged in a common purpose and had a common object in view in transacting business in which both were interested.'' That case was therefore controlled by the same principle that prevailed in the cases of *Derrick* v. *Salt Lake & O. R. Co.*, 50 Utah 573, 168 Pac. 335, and in *Lawrence* v. *Denver & Rio Grande R. Co.*, 52 Utah 414, 174 Pac. 817. We shall refer to the case last cited again.

The case of *Conant* v. *Grand Tr. Ry. Co.* is a crossing case decided by the Supreme Judicial Court of Maine. In that case it was said:

"Plaintiff's case fails in limine, in that there is no sufficient evidence of any negligence of the defendant which is accountable for this collision."

As a matter of course, if the defendant railroad company was not guilty of negligence it could not be held liable.

The case of *Coby* v. *Quincy, O. & K. C. R. Co.* has no application here.

The case of *Southern R. Co.* v. *Jones,* a Virginia case, would have been a jury case in this jurisdiction. The same is

true of *Landrum* v. *St. Louis, I. M. & S. Ry.*, a case from Missouri.

*Fechley* v. *Springfield Tr. Co.* is a Missouri case where it was said:

"The law in this state * * * is that if a passenger is aware of the danger, and that the driver is remiss in guarding against it, and takes no care himself to avoid injury, he cannot recover for one he receives."

While the peculiar circumstances in that case in all probability would have taken it to the jury in this jurisdiction, yet where the conduct of the parties is as outlined in the excerpt we have quoted from that opinion the question of contributory negligence may be one of law.

The facts in the case of *Leopold* v. *Texas & P. Ry. Co.* were such that in this state they would have taken the case to the jury.

The case of *Hunter* v. *Montana Cent. Ry. Co.* is a very close case, and could have been decided either way.

*Read* v. *New York C. & H. R. R. Co.*, 123 App. Div. 228, 107 N. Y. Supp. 1068, is a case which is like the one at bar, in that it arose out of the same accident which was under consideration in the case of *Noakes* v. *New York C. & H. R. R. Co.*, 121 App. Div. 716, 106 N. Y. Supp. 522. The Noakes Case is affirmed by the New York Court of Appeals in 195 N. Y. 543, 88 N. E. 1126. Miss Noakes, a young girl of sixteen years of age, was one of five persons riding in an automobile which collided with one of the defendant's trains, and she was seriously injured. The chauffeur and Miss Noakes' father were riding in the front seat of the automobile, while she, her mother, and Mr. Read were sitting in the rear seat. The jury found in favor of Miss Noakes, and assessed her damages at $35,000.

The Appellate Division affirmed the judgment upon condition that she would remit the sum of $10,000 from the judgment. When the Reed Case, arising out of the same accident, came on for trial the court held that, inasmuch as he was a man of thirty-six years of age and had the same opportunity to see the railroad crossing and hear the approaching train as the chauffeur had, he was guilty of contributory negligence

as a matter of law, although in Miss Noakes' case it was held that the question of her negligence was a question for the jury. The rule prevailing in New York in crossing cases is stated in *Brickell* v. *New York C. & H. R. R. Co.*, 120 N. Y. 290, 24 N. E. 449, 17 Am. St. Rep. 648, as follows:

> "The general rule in this class of cases is that the burden of establishing affirmatively freedom from contributory negligence is upon the plaintiff."

It will thus be seen that, notwithstanding the stringent rule in New York the Noakes Case was, nevertheless, treated the same as this court treated the Montague Case while Mr. Reed's Case was treated the same as we treated the Shortino Case. While the New York courts held the chauffeur guilty of contributory negligence precisely as we held in the Shortino Case, and also held that Mr. Read was equally guilty with the chauffeur, they nevertheless, held that so far as Miss Noakes was concerned, although she was riding in the same automobile and under much the same situation as was the plaintiff in this case, nevertheless her case was one for the jury.

The case of *Hoag* v. *New York Cent. & H. R. R. Co.*, 111 N. Y. 199, 18 N. E. 648, is also quite similar to the case at bar. While it was held in that case that the husband, the driver, was guilty of contributory negligence barring a recovery, yet it was also held that whether his wife, who was in the vehicle with him, was also guilty of contributory negligence was a question for the jury.

The cases of *Klinczyk* v. *Lehigh Valley R. Co.* and *Pouch* v. *Staten Island M. Ry. Co.* are cases decided under the New York rule, and have no special bearing on what the decision in this case should be.

The cases of *Brommer* v. *Pennsylvania R. Co.*, *Davis* v. *Chicago, R. I. & P. Co.*, *Erie R. Co.* v. *Hurlburt*, and *Hall* v. *West Jersey & S. R. Co.* are all cases decided by the federal courts, and it may be said that in at least some of them the facts respecting the relationship of the parties in the automobile were like those in the case of *Lawrence* v. *Denver & Rio Grande R. Co.*, while in some of the others it was held that all the occupants of the vehicles were guilty of contributory negligence

as matter of law. The cases have no special significance in view of the rule in this jurisdiction.

In *Kleiman* v. *Pennsylvania R. Co.,* 66 Pa. Super. Ct. 295, it is said:

"Each of the parties in the wagon had adequate opportunity of seeing and hearing the approaching train, and each was equally guilty of contributory negligence when they entered upon the tracks under the surrounding circumstances, which must necessarily have been known to each."

It must suffice to say that in Pennsylvania the New York rule is in force.

*Robinson* v. *Oregon-Washington R. & N. Co.* is a recent case from the Supreme Court of Oregon. While in that case it was held that the operator of the automobile was guilty of contributory negligence as matter of law, yet it was also held that whether his son-in-law, who sat in the front seat with his father-in-law, was guilty or not, or whether he was engaged in a joint enterprise should be submitted to the jury.

In *Hoyle* v. *Northern P. Ry. Co.* it is held that the duty of one riding in the front seat of an autotruck to keep a lookout for trains is the same as that of the operator of the car, and in that case both were held guilty of contributory negligence as matter of law.

The case of *Cable* v. *Spokane & I. E. R. Co.* is one that under the peculiar circumstances, in the opinion of the writer, would have been submitted to the jury in this jurisdiction, in so far at least as affecting the negligence of the young girl who was riding in the vehicle with her father at the time of the accident.

*Kirkland* v. *Atchison, T. & S. F. Ry. Co.* is a case of joint enterprise where both were held guilty of contributory negligence as matter of law.

*Lopes* v. *Linch* is a clear case of contributory negligence on the part of the driver of the wagon, and it was held by a divided court that the plaintiff, who rode in the wagon with the driver, was also guilty of contributory negligence barring a recovery.

*Brown* v. *Milwaukee & St. P. Ry. Co.,* 22 Minn. 165, is in effect the same as the case of *Bates* v. *Railroad,* 38 Utah 568,

114 Pac. 527. There is, however, a much later Minnesota case, namely, *Cotton* v. *Willmar & S. F. Ry. Co.*, 99 Minn. 366, 109 N. W. 835, 8 L. R. A. (N. S.) 643, 116 Am. St. Rep. 422, 9 Ann. Cas. 935, to which we refer in the Montague Case.

It is true that in many of the foregoing cases statements occur which support counsel's contention that all occupants of a vehicle are charged with the absolute duty of keeping a ·lookout for themselves and to exercise a constant care for their own safety, and thus may not to any extent trust to the care and rely upon the vigilance of the driver. This court has, however, refused to follow the group of cases in which that doctrine is adopted. In *Atwood* v. *Railroad Co.*, 44 Utah 366, 140 Pac. 137; *Martindale* v. *Oregon S. L. R. Co.*, 48 Utah 464, 160 Pac. 275, and in the Montague Case, supra. this court has adopted the rule laid down by the Supreme Court of Minnesota in the case of *Cotton* v. *Willmar & S. F. Ry. Co.*, supra, where it is said:

"But the rule which has met with general approval in the more recent cases makes the passenger responsible only for his personal negligence, and leaves it to the jury to determine whether, under the circumstances, he was justified in trusting his safety to the care of the driver and not looking and listening for himself."

That rule, in our judgment, is not only based upon sound principle, but follows the daily experience of all men, and is in strict conformity with common sense. Indeed, it 'may be said to comply with the ancient maxim, ''The laws are adapted to those cases which most frequently occur.'' To our minds the rule contended for by counsel would necessarily result in holding that the wife and child in the rear seat of a modern automobile may not relax their care and vigilance and trust to that of the husband and father, who is driving the machine, or that the invited guest who is in the rear seat with the wife may not do so. We are not prepared to adopt such a doctrine, but prefer to follow the more reasonable, and, as we conceive, the more humane, doctrine laid down in the three cases last above referred to. Moreover, the group of cases which most strongly support counsel's contention are based upon an entirely different rule respecting the manner of establishing a plaintiff's negligence

from the one prevailing in this jurisdiction. In this jurisdiction the plaintiff is not required to affirmatively establish his freedom from negligence. In this state negligence is never presumed, and hence the plaintiff is not required to establish his freedom therefrom. The presumption that he is so is in his favor, and unless he makes his negligence apparent in proving his case the burden is upon the defendant to prove plaintiff's negligence. While we have repeatedly held—and such is the rule in this state—that it is the duty of every one who is about to cross a railroad to exercise ordinary care and vigilance for his own safety, and that he is held responsible for his own negligence in that regard, yet we can conceive of no reason why the question of whether a passenger or an invitee riding in a vehicle was guilty of contributory negligence, in view of all the circumstances which would bar a recovery, should not be left to the jury, unless that question is free from substantial doubt. The question, therefore, is, was the plaintiff in this case guilty of contributory negligence as matter of law?

We shall not attempt a detailed statement of the evidence, but shall refer to such only as affects plaintiff's conduct. She was twenty years of age at the time of the accident, and was riding in the automobile as the invited guest of Shortino, the owner. She was sitting on the rear seat with two others. A young man was sitting on her lap, and another young man was sitting on the side door of the automobile, so that there were seven passengers riding in the automobile at the time. It was some time after sunset, and was getting dusk, and there was considerable dust, together with at least two other automobiles passing in opposite directions at the time. The train was approaching the crossing at a speed of from thirty to thirty-five miles an hour, while the automobile was moving at the moderate speed of between seven and ten miles an hour. The speed of the automobile was therefore not such as would cause the plaintiff, who was riding in the rear, to anticipate danger. Any one in such a situation might naturally relax his vigilance, and especially so because the owner of the car was operating it at a moderate rate of speed. Un-

der these circumstances the automobile approached the crossing. The plaintiff had passed over this crossing in the same automobile on the same day, but she had only a casual and imperfect acquaintance with the surroundings, and the railroad had only been in operation a short time. She was not aware that the automobile was approaching that, or any, railroad crossing, and she did not keep a lookout for a crossing. Nor was she aware of any danger until at the very moment, or, perhaps, a moment before, the automobile was struck, and it is not clear whether she saw the train before it was about to collide with the automobile or not. She says that she heard no signals nor noise of the approaching train. The other occupants of the automobile, so far as they have testified in this case, seems to have been equally ignorant of the threatened danger. In the Shortino Case we held that in view that he was the operator of the automobile it was his duty to be vigilant and to exercise reasonable care so as to know that he was approaching a railroad crossing. In the Montague Case we held that in view of the girl's age and lack of experience the law did not impose upon her the same degree of vigilance and care that it did upon Shortino, the operator of the automobile, although the law did require her to exercise ordinary care and vigilance for her own safety. In view of plaintiff's position in the automobile, she being in the rear seat with the top of the automobile raised and with a young man sitting on her lap, this, to some extent, undoubtedly obscuring her view, we cannot conceive why we should hold that the law imposed a higher duty on her than upon Miss Montague. If it be said that the plaintiff was older and had had more experience than Miss Montague, and for that reason should have exercised greater care and vigilance, it must also be said that she did not have the same opportunity for observation that Miss Montague had. Moreover, as before pointed out, there was nothing to excite her suspicion.

But it is contended that we in effect held in the case of *Lawrence* v. *Railroad,* that the duty was the same whether the plaintiff operated the machine or whether he was a mere invitee or guest of the operator. That case does not so hold.

In that case it was held that the plaintiff and the operator of the machine were engaged in a joint enterprise or undertaking, and hence if one was in fault both were. In the course of the opinion it is said:

> "We think the facts of the case bring it within the rule announced in the case of *Wilkinson v. Railroad*, 35 Utah 110, 99 Pac. 466; *Bates* v. *Railroad*, 38 Utah 568, 114 Pac. 527, and *Shortino* v. *Salt Lake & Utah R. Co.*, 52 Utah 476, 174 Pac. 860."

The decision was based upon the fact that the operator of the machine and the plaintiff in that case were equally interested in the trip, and therefore were also equally responsible for any neglect on the part of either. Lawrence was not treated as the guest or invitee of the operator of the machine. It is true that in concluding the opinion the writer said:

> "Assuming for the sake of argument, but not conceding that plaintiff was merely the guest of Bird [the operator], and was in no sense responsible for the manner in which Bird operated and managed the automobile while making the trip in question, it nevertheless was incumbent upon him to exercise ordinary care and prudence by making diligent use of his senses of sight and hearing, by looking and listening for trains as the automobile approached the crossing, and to heed the warnings and signals of the approach of the train, and to suggest to Bird that they stop until the danger was over, and to protest if that was not done."

The excerpt quoted from the Lawrence Case is good law when applied to the undisputed facts of that case and to any other case where the facts are similar. Apart from the fact that the driver and Lawrence were engaged in a joint enterprise, Lawrence, by reason of the fact that he sat in the front seat with the driver, had the same, if not a better, opportunity than the driver to keep a lookout for and to hear the warning signals of the on-coming train, and to see its approach. In view, therefore, of Lawrence's position in the automobile, he was required to make vigilant use of his senses, and to exercise ordinary care to avoid injury. In his case the evidence was clear and free from substantial doubt that his conduct did not measure up to the requirement of the law. It was our duty, therefore, to declare the result. By what is said in the Lawrence Case, however, it was not intended to modify, much less to overrule, the rule adopted in the At-

wood, the Martindale, and the Montague Cases. The rule that in this class of cases, like in all other negligence cases, the question of whether there was culpable negligence on the part of the defendant, or whether there was contributory negligence on the part of the plaintiff, and whether the negligence of the former or that of the latter was the proximate cause of the accident, are questions that must be determined from all the facts and circumstances in evidence. No hard and fast rule can be laid down which shall govern in all cases, but each case, to a large extent, must be determined according to the facts and circumstances of that case, and, if different minds may reasonably arrive at different conclusions—that is, if there is a substantial doubt with regard to what the finding should be—the question is for the jury and not for the court. A mere cursory reading of the opinion in the Lawrence Case will disclose that there was neither a thought nor an attempt to depart from the rule laid down in the Atwood, the Martindale, and the Montague Cases.

While this case may well be designated a border-line case, yet, in view of the firmly established rule in this jurisdiction that in case there is a substantial doubt with regard to what the ultimate finding should be the question is for the jury and not for the court, we feel constrained to hold that we are not authorized to interfere with the finding of the jury that the plaintiff's conduct was not such as will bar a recovery.

There are other assignments relating to the refusal of the court to charge the jury as requested. We have carefully examined the court's charge, and, after doing so, are unable to discover anything that was omitted therefrom. The charge covered every possible phase of the case, and to have given the requests asked for could not have accomplished any purpose. If any error was committed against the defendant, it was not one of law, but was an error of judgment on the part of the jury in resolving the doubts in favor of the plaintiff. In view, however, that there is some substantial evidence in support of their finding, we may not interfere with it.

The judgment is therefore affirmed, with costs.

CORFMAN, C. J., and WEBER, GIDEON, and THUR-
MAN, JJ., concur.