[No. 15062.   Department One.   February 28, 1919.]

DOLLY HOYLE, *as Administratrix etc., Appellant,* v.
NORTHERN PACIFIC RAILWAY COMPANY,
*Respondent.*[1]

RAILROADS (66)—OPERATION—ACCIDENTS AT CROSSING—CONTRIBU-
TORY NEGLIGENCE—DUTY TO STOP, LOOK AND LISTEN. A farm employee
who had been driving an auto truck, and who turned the wheel over
to his employer just before reaching a farm crossing, retaining a
seat beside him, is guilty of contributory negligence, precluding re-
covery for his death, in failing to keep a lookout and observe a pas-
senger train then due, rapidly approaching from his side upon a
straight track in full view.

Appeal from a judgment of the superior court for
Pierce county, Chapman, J., entered July 19, 1918,
upon the verdict of a jury rendered in favor of the
defendant, in an action for wrongful death, · after a
trial on the merits. Affirmed.

*Bates & Peterson,* for appellant.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for
respondent.

TOLMAN, J.—This action grows out of the same
state of facts as the case of *Miller v. Northern Pac.
R. Co., ante* p. 645, 178 Pac. 808. In this court, the
death of Dolly Hoyle has been suggested and permis-
sion has been given for the substitution, as party
plaintiff and appellant, of G. E. Peterson, who has
been appointed by the superior court of Pierce county
as special administrator of the estate of Wallace
Hoyle, deceased. Appellant's decedent met his death
at the same time and under the same circumstances as
the decedent in the *Miller* case, and a restatement
of the facts here is considered unnecessary. In this

[1]Reported in 178 Pac. 810.

case, the trial court refused to instruct the jury upon the last clear chance doctrine, and the jury found a verdict for the defendant, respondent here.

Appellant relies chiefly upon that refusal so to instruct, but as what we have said in the *Miller* case necessarily disposes of that question here, it follows that there was no error committed in that respect.

Error is also predicated upon an instruction given by the trial court to the effect that, though the truck was driven by Miller, yet if Hoyle was sitting on the seat beside Miller, it was the duty of Hoyle to keep a continuous and vigilant outlook for approaching trains, and he was not relieved from that duty by reason of the fact that Miller was driving the truck; and if Hoyle could have seen the approaching train, had he looked in that direction and in a timely manner, it was his duty to have done so, and to have warned Miller of the danger, and a failure in this respect would be negligence on the part of Hoyle which would defeat his right of recovery. Without in any way imputing the negligence of Miller to Hoyle, we think the facts in this case abundantly establish negligence on the part of Hoyle; and that, to a degree which would well have warranted the trial court in taking the case from the jury; and certainly the instruction given was amply justified. Hoyle had been driving the truck until a few moments prior to the accident, when he surrendered the wheel to his employer Miller, remaining on the seat beside him. He had lived on the Miller farm for more than six months and must have well known all of the conditions. Riding beside the driver, on the side from which the train was approaching, the slightest degree of care for his own safety would have caused him to look for the regular train then due, which always passed that crossing at

a high rate of speed. He did not occupy a position in the truck, or a relationship toward Miller, which would permit him to close his eyes to that which would have been apparent had he looked and rely absolutely upon either Miller or the railroad operatives to protect him from danger. As we view the facts and the inferences to be drawn therefrom, the court should have decided, as a matter of law, that Hoyle was guilty of contributory negligence, and therefore no advantage will flow from a further discussion of the instructions given and refused, upon which all the assignments of error are based.

Judgment affirmed.

CHADWICK, C. J., MAIN, MACKINTOSH, and MITCHELL, JJ., concur.