[No. 18472. Department One. March 18, 1924.]

RICHARD BAUER, *Appellant,* v. A. B. TOUGAW *et al.,*
*Respondents.*[1]

HIGHWAYS (59)—NEGLIGENCE (23)—COLLISION—DRIVERS OF VEHI-
CLES—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS. In an action for
injuries to a passenger in an automobile collision, it is error to
instruct that, although the negligence of the driver was not im-
putable to the passenger, there could be no recovery if the passenger
saw the negligent conduct of the driver and failed to caution or
attempt to persuade him to drive carefully, and that such failure
contributed to the collision; since he was only bound to caution the
driver, if it would have been done by a reasonably prudent and
cautious man.

Appeal from a judgment of the superior court for
King county, Frater, J., entered July 12, 1923, upon
the verdict of a jury rendered in favor of the defend-
ants, in an action for personal injuries sustained in
an automobile collision. Reversed.

*Reynolds, Ballinger & Hutson* and *Elmer W. Leader,*
for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respond-
ents.

MACKINTOSH, J.—On a summer afternoon, while it
was still broad daylight, Henry Oberts started from
the city of Enumclaw to the city of Seattle, driving an
automobile. The appellant was on the right-hand side
of the rear seat, and next to him sat another passenger,
and to the driver's right, on the front seat, was a third
passenger. The automobile came into collision with
the rear end of a truck, on the twenty-two feet paved
highway, under such circumstances as convinced the
jury that Oberts was driving his car in a very careless

[1]Reported in 224 Pac. 20.

and reckless manner. Upon the return of the verdict in favor of the respondents (the owners of the truck), Bauer has appealed and, among other assignments of error, claims that the court improperly instructed the jury.

There is really no difference between the attorneys for the appellant and the attorneys for the respondents as to the rules of law which are applicable to the situation so far as the instructions are involved. It is well established that negligence cannot be imputed to a passenger in an automobile unless his relation to the driver was such that he was in a position to have exercised some authority or control over the driver with reference to the matter wherein the latter was negligent, and in this case there was no attempt to impute the negligence of Oberts to the appellant. *Dodge v. Salinger*, 126 Wash. 237, 217 Pac. 1014; *Cable v. Spokane & Inland Empire R. Co.*, 50 Wash. 619, 97 Pac. 744, 23 L. R. A. (N. S.) 1224.

It is equally as well established that a passenger in an automobile may be guilty of such negligence as would cause or contribute to the collision and which would render him guilty of contributory negligence and preclude his recovery. *Cable v. Spokane & Inland Empire R. Co., supra; Hoyle v. Northern Pac. R. Co.*, 105 Wash. 652, 178 Pac. 810; *Sadler v. Northern Pac. R. Co.*, 118 Wash. 121, 203 Pac. 10; *Harris v. Spokane, Portland & S. R. Co.*, 123 Wash. 274, 212 Pac. 187. It was upon that theory that the case was tried.

There were four instructions given by the court upon this phase of the case. It is unnecessary to set out more than one of them, as they all contain, as far as the matter before us is concerned, exactly the same language.

"You are instructed that although any negligence of the driver, Henry Oberts, if you find he was guilty of

negligence, cannot be imputed to the plaintiff, yet, if you find that the plaintiff himself, in the exercise of due and ordinary care, saw or should have seen the negligent conduct of said Oberts, if any you find, and failed to warn or caution him or attempt to persuade him to drive in a careful and prudent manner, and that such failure caused or contributed to causing such collision, then I instruct you that your verdict must be for the defendants.''

The rule applicable to this situation is that if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw, or should have seen, that the driver of the car was conducting himself in a negligent manner, and if, under those circumstances, in the exercise of due and ordinary care, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct and drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the passenger would be guilty of contributory negligence which would bar his recovery.

The instructions only partially stated this rule. They laid down the responsibility of the passenger to discover the negligence of the driver, but they improperly prescribed the passenger's subsequent duty. If the driver's negligence was such that the passenger should actually have noticed it, or, in the exercise of reasonable care, is charged with notice of it, it was not the imperative duty of the passenger to warn or caution or attempt to persuade the driver to desist. His duty was, as we have said, merely to act as a reasonably prudent and cautious man would have done under the same circumstances; that is, if a reasonably prudent and cautious man, in the exercise of due and ordinary

care, would have warned or cautioned the driver or have attempted to dissuade the driver from his negligent conduct, and the failure to do that caused the accident or contributed to it, then the passenger would be at fault and could not succeed in his action. The court, however, by his instructions, placed too great a duty on the passenger in compelling him to give the warning or caution or make the attempt to have the driver desist after the passenger had seen, or should have seen, that the driver was negligent.

The court's instructions lay down a too harsh rule, and the observance of such a rule would not only impose too great an obligation upon passengers in automobiles, but would, in the practical operation of such vehicles, tend to confusion and possible disaster. The rule sometimes announced that all that is incumbent upon a passenger in an automobile is to "sit tight". is euphonious and at the same time erroneous. It depends upon what a reasonably prudent and cautious man would do under the same circumstances. While the driving of an automobile from the rear seat is not to be encouraged, yet passengers in an automobile, with full knowledge of the recklessness of the driver, are not to sit silent where, under similar circumstances, a reasonably prudent and cautious man, in the exercise of due and ordinary care, would make some effort to secure the proper operation of the car.

We find no merit in the other assignments, and the judgment is reversed and a new trial ordered.

MAIN, C. J., HOLCOMB, TOLMAN, and PEMBERTON, JJ., concur.