[No. 19296.  Department Two.  August 24, 1925.]

ROBERT T. GARROW, *Respondent*, v. SEATTLE TAXICAB
COMPANY, *Appellant.*[1]

CARRIERS (90)—CONTRIBUTORY NEGLIGENCE OF PASSENGER—FAIL-
ING TO PROTEST AGAINST DRIVER'S NEGLIGENCE.  A passenger in a
taxicab, operated as a common carrier, is guilty of contributory
negligence, precluding recovery for injuries sustained through the
recklessness of the driver, where the journey was fraught with
unusual danger, requiring more than usual caution, he realized that
the driver was not exercising proper care, and failed to protest or
to refuse to continue the journey, after opportunity to warn the
driver against his incautious acts.

Appeal from an order of the superior court for King
county, Hall, J., entered November 19, 1924, granting
the plaintiff a new trial, after a verdict rendered in
favor of the defendant in an action in tort.  Reversed.

*J. Speed Smith* and *Henry Elliott, Jr.*, for appellant.
*Donald G. Graham*, for respondent.

FULLERTON, J.—The appellant, Seattle Taxicab Com-
pany, owns a line of taxicabs which it operates in the
city of Seattle, carrying passengers for hire.  At about
2:30 o'clock in the morning of December 25, 1923, the
respondent, Garrow, with two other persons, took a
taxicab of the appellant in the eastern part of the city,
intending to ride to certain named places in the western
part.  The place of destination of the two others men-
tioned was reached first.  There the two alighted, and
the taxicab proceeded on with the respondent.  It was
driven along one street for some distance when it
turned into another, along which it proceeded some
one hundred and fifty feet, when it struck a tree which
had fallen across the street.  The impact stopped the
taxicab suddenly, and the respondent, who was riding
in the back part of the taxicab, was thrown forward

[1]Reported in 238 Pac. 623.

against a glass partition separating the front part from the back. The glass was broken, and the respondent received cuts and abrasions on his face and body of some severity.

In this action, he sued to recover in damages for his injuries. The cause was tried to a jury, who returned a verdict for the appellant. The respondent thereupon moved for a new trial, basing the motion upon a number of the statutory grounds, among which was the ground of error in law occurring at the trial; the particular objection being that the court had erroneously instructed the jury. The trial court granted the motion, basing its order on the stated ground alone. The appeal is from the order granting the new trial.

At the time of the passage across the city, a storm was raging. It was raining, and the wind was blowing a gale, reaching the high velocity of eighty miles per hour; windows were broken, trees and telephone poles were blown down, and some 2900 telephones were put out of order. Indeed, an officer of the United States weather bureau testified that it was the most severe storm that had been witnessed in the city since the establishment of the bureau therein in the year 1891.

The negligence sought to be proven was that the driver of the taxicab drove it at a too high rate of speed, without keeping a sufficient lookout for obstructions which ought to have been anticipated.

The instruction objected to, and which the trial court deemed erroneous, was the following:

"You are instructed, members of the jury, that even if you believe that the driver of the taxicab was driving said automobile prior to the accident in a reckless and careless manner, yet, if you also find from the evidence in this case that the plaintiff noticed, or in the exercise of ordinary care should have noticed such recklessness, and if you believe that an ordinarily prudent

person under the circumstances would have warned, cautioned or directed such driver to drive in a careful and prudent manner; and if you find that the plaintiff failed to do so, and his failure caused or contributed to causing the accident then the plaintiff was guilty of contributory negligence, and your. verdict must be for the defendant.''

This court has in a number of cases recognized the principle announced in the instruction when applied to a person riding in the automobile of another as that other's guest or with his consent (See *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20, where the cases will be found collected), and has recognized it as the applicable rule in a case where the injury occurred to a person in an automobile hired for the special purpose of transporting the person from one place to another, although it did not appear that the automobile was operated generally as a common carrier. *Wilson v. Puget Sound Elec. R.*, 52 Wash. 522, 101 Pac. 50, 132 Am. St. 1044.

There is also another distinction between the cited cases and the case at bar; they are cases where the action was brought against a party other than the owner or operator of the automobile whose negligence was the sole cause of the injury or whose negligence contributed with that of the owner in causing it. In the first of the cited cases, the action was brought against the owner of a truck against whose truck the automobile in which the plaintiff was riding as a passenger collided. The evidence tended to show that the driver of the automobile was negligent. The court charged the jury that, although the negligence of the driver could not be imputed to the plaintiff, yet, if the jury should find ''that the plaintiff himself, in the exercise of due and ordinary care, saw or should have seen the negligent conduct'' of the driver, ''and failed to warn or caution him or attempt to persuade him to drive in a careful and

prudent manner, and that such failure caused or contributed to causing such collision," then their verdict must be for the defendant. Concerning this instruction we said:

"The rule applicable to this situation is that if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw, or should have seen, that the driver of the car was conducting himself in a negligent manner, and if, under those circumstances, in the exercise of due and ordinary care, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct and drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the passenger would be guilty of contributory negligence which would bar his recovery."

And further:

"The court's instructions lay down a too harsh rule, and the observance of such a rule would not only impose too great an obligation upon passengers in automobiles, but would, in the practical operation of such vehicles, tend to confusion and possible disaster. The rule sometimes announced that all that is incumbent upon a passenger in an automobile is to 'sit tight' is euphonious and at the same time erroneous. It depends upon what a reasonably prudent and cautious man would do under the same circumstances. While the driving of an automobile from the rear seat is not to be encouraged, yet passengers in an automobile, with full knowledge of the recklessness of the driver, are not to sit silent where, under similar circumstances, a reasonably prudent and cautious man, in the exercise of due and ordinary care, would make some effort to secure the proper operation of the car."

The trial judge, as we gather the reasons for the ruling, did not deny the applicability of the rule when applied to instances where the passenger was an invitee

of the owner of the automobile, but concluded it was without application where the automobile is operated by a common carrier for hire. It seems to us that there is no very well founded reason for the distinction. It is the rule, without doubt, that a higher degree of care is imposed upon a common carrier of passengers with respect to its passengers than is imposed upon an automobile owner who carries a person as his guest or as an accommodation. But the rule the instruction invokes is not rested on any principle of duty owing from the owner of the vehicle to the person carried. It is rested on the principle on which the doctrine of contributory negligence rests, the principle that no person is ever absolved from exercising reasonable and ordinary care for his own safety. The principle has always been applied to common carriers conveying passengers in other forms of conveyances, and there would seem to be no room for a distinction against a common carrier by automobile.

It is, of course, the primary duty of the driver of a taxicab to care for the safety of the vehicle and the safety of the passengers he carries, and a passenger is under no duty, save in exceptional cases, to be on the lookout for dangers that may be encountered at the risk of being charged with contributory negligence. Nor is the mere speed at which the taxicab is driven a matter with which the passenger need ordinarily concern himself. But, manifestly, circumstances can arise where these duties are imposed upon the passenger. If he should discover a danger which it is obvious the driver did not see and had the opportunity to warn the driver of it in time to avoid it and failed so to do, clearly this would be negligence on his part preventing a recovery for an injury suffered because of the danger.

So, also, if the automobile be driven at a speed dangerous under all circumstances, or dangerous under the

particular circumstances, and the passenger had an opportunity to warn or protest against the speed and failed so to do, clearly he could not recover against the owner for an injury resulting from the excessive speed. His conduct under the circumstances must be that of a reasonably prudent person, and it is not reasonable prudence for one to remain passive while another negligently subjects him to an unnecessary danger when an opportunity to act is present. This is not to say that the passenger must protest against every act of the driver that he deems incautious or imprudent. There are degrees in this as there are in every form of negligence. Instances can arise where the court can say that the failure to act was negligence as matter of law, and others again where it can say that the failure to act was not negligence; and between the extremes there is the usual twilight zone wherein reasonable minds might reasonably differ as to the fact. In these latter instances, it is the duty of the court to submit the question of negligence of the passenger to the triers of the fact.

Applying these principles to the facts of the case in hand, it seems to us there was no error in the instruction of which complaint is made. The passage was fraught with danger. The attendant conditions required more than the usual caution on the part of the driver. The respondent, as is shown by his own testimony, realized that the driver was not exercising that degree of caution the conditions required. He had the opportunity to warn the driver against his incautious acts, and the opportunity to refuse to continue the journey if the driver refused a request to exercise more care, and this prior to the actual happening of the accident. Since he made no request that more caution be exercised, it was not error to permit the jury to say

whether his conduct was that of a reasonably prudent person.

The judgment is reversed, and the cause is remanded with instructions to enter a judgment in accordance with the verdict of the jury.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and ASKREN, JJ., concur.