FRANK KELLER, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Time to make application for reargument extended to include the May Term of court and motion for reargument denied, without costs; motion for leave to appeal to the Court of Appeals dismissed, without costs. Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 268 App. Div. 1079.]

JESSIE B. KELLER, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Time to make application for reargument extended to include the May Term of court and motion for reargument denied, without costs; motion for leave to appeal to the Court of Appeals dismissed, without costs. Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 268 App. Div. 1079.]

JESSIE KELLER, Appellant, v. WILLIAM H. HUNTER et al., Respondents.— Time to make application for reargument extended to include the May Term of court and motion for reargument denied, without costs; motion for leave to appeal to the Court of Appeals dismissed, without costs. Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ. [See 268 App. Div. 1079.]

EDWARD J. SMITH, Respondent, v. CRANDALL HORSE COMPANY, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. [See *ante*, p. 726.]

### (May 16, 1945.)

MATTIE R. LIGON, Amended to MATTIE R. FERMOILE, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent, et al., Defendants.— Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event. Memorandum: The defendant Railway Company owed a duty to exercise reasonable care not to increase the usual and ordinary hazards of bus riding by overcrowding. " The exposure of a passenger to danger, which * * * reasonable foresight would have anticipated and due care avoided, is negligence on the part of a carrier, and whether the over-crowding of cars is negligence, is a question of fact. (*Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556.) " (*Graham* v. *Manhattan R. Co.*, 149 N. Y. 336, 341; *Trudell* v. *N. Y. Rapid Transit Corp.*, 281 N. Y. 82, 85.) Whether such negligence was present here and, if so, the question of its causal relation to plaintiff's injury were questions for the jury. (*Lehr* v. *S. & H. P. R. R. Co.*, 118 N. Y. 556; *Knaisch* v. *Joline*, 138 App. Div. 854; *Sheridan* v. *Brooklyn & Newtown R. R. Co.*, 36 N. Y. 39; 3 Michie on Carriers, § 2509.) Rule 33(a) of the Public Service Commission's Rules in force at the time of the accident provided that standing passengers should not be allowed in excess of 50% of the manufacturer's rated seating capacity in urban territory. We regard that rule as one designed to protect the safety of passengers as well as for their comfort and convenience. Its violation is some evidence of negligence. (*Schumer* v. *Caplin*, 241 N. Y. 346, 351.) It may not be said as a matter of law that the sole proximate cause of plaintiff's injury was the striking of the bus by the Owens' car. It is for the jury to say whether there was any negligence on the part of the defendant in overloading the bus which concurred with the act of Owens to cause plaintiff's injury. (*Donnelly* v. *Piercy Construction Co.*, 222 N. Y. 210; *Carlock* v. *Westchester Lighting Co.*, 268 N. Y. 345.) All concur. (The judgment dismisses the complaint in an automobile bus line negligence action.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

In the Matter of the Estate of GEORGE F. CASWELL, Deceased. WILLIAM B. CASWELL, as Executor of GEORGE F. CASWELL, Deceased, Appellant; LAWRENCE T. COOK, as Special Guardian for GEORGE F. CASWELL, JR., et al., Respond-