[Civ. No. 14777. Second Dist., Div. Two. June 28, 1945.]

ANNA E. FORBES, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

Harold D. Kraft for Appellant.

Gibson, Dunn & Crutcher and E. H. Chapman for Respondent.

WOOD (W. J.), J.—Plaintiff, an elderly lady, commenced this action to recover for injuries which she received when she was crowded from a streetcar operated by defendant. A jury returned a verdict in defendant's favor and plaintiff has appealed from the resulting judgment.

Plaintiff boarded defendant's southbound streetcar at the corner of Fourth Street and Broadway in the city of Los Angeles about 3:15 p. m. on Jaunary 9, 1943. She placed her suitcase at a place which the conductor indicated was a proper location for it. At that time the car was not crowded but there were vacant seats. Before the car arrived at plaintiff's destination, 30th and Main Streets, it became "terribly crowded." There were approximately 25 people standing on

the rear platform in the neighborhood of the conductor's station. As plaintiff edged her way toward the rear exit she was informed by the conductor that her suitcase had been removed and placed in the corner of the car opposite the entrance. The suitcase was lifted by the other passengers and passed over their heads, the conductor assisting. At this time the car had come to a stop and plaintiff was about 18 inches from the top of the first step leading down from the platform. There was no door at this exit. As plaintiff received the suitcase she was unable to turn around with the suitcase in her hand because the passengers had contacted her body on both sides and in front of her but not at her rear. As the passengers settled down after passing the suitcase they crowded plaintiff so that she was pushed out of the exit. She attempted to grasp the railing for support but could not hold on. She fell to the pavement, receiving the injuries for which recovery is sought.

The instructions given by the court to the jury were so unfair to plaintiff that the judgment must be reversed. Although many instructions were given, most of them referred to general rules which are applicable to all personal injury actions. On the vital question of negligence of the defendant in crowding its car the court gave this brief instruction to the jury: "It is the law of the State of California, by statute, that a carrier of persons for reward must not overcrowd or overload his vehicle." The jury was not instructed that a violation of this statutory provision constitutes negligence as a matter of law. Plaintiff requested such an instruction and was unquestionably entitled to have it given. In attempting to justify the court's refusal to give such an instruction defendant states that the vehicles of every carrier of passengers in California have been overcrowded, claiming that the responsibility is "in the laps of Hitler et al." Defendant further states that it is an every day occurrence in the metropolitan area of Los Angeles for passengers to be "not only standing in the street cars and motor buses, but riding on the steps and clinging to the fenders." Notwithstanding transportation difficulties during war time, the statute in question was and is in force and plaintiff was entitled to have her conduct and that of defendant measured by its provisions. We need not pass upon the question of ethics involved, whether carriers are justified in overloading their vehicles during the present emergency. The enforcement of the rule in cases like the present one does not work undue hardship upon the car-

riers for doubtless they receive additional fares from the great number of passengers carried in sufficient sums to compensate for any losses resulting from the overcrowding.

Of its own motion the court instructed the jury: "Every such corporation must start and run its cars, for the transportation of persons and property, at such regular times as it shall fix by public notice, and must furnish sufficient accommodations for the transportation of all such passengers and property as, within a reasonable time previous thereto, offer or are offered for transportation, at the place of starting, at the junction of other railroads, and at siding and stopping places established for receiving and discharging way passengers and freight; and must take, transport, and discharge such passengers and property at, from, and to such places, on the due payment of tolls, freight, or fare therefor. In case of refusal by such corporation or their agents to take and transport any passengers or property, or to deliver the same, at the regular appointed places, such corporation must pay to the party aggrieved all damages which are sustained thereby, with costs of suit." The court erred in giving this instruction. We need not pass upon the disputed question whether or not the code provisions embodied in the instruction are applicable to street railways. It is sufficient to point out that there was no evidence whatever upon which such an instruction could be presented. Moreover, as the instructions as a whole were given, the jury could well have received the impression that it was the duty of defendant to receive as many passengers as cared to board its cars, without any liability for overloading.

The errors of the court in giving the last mentioned instruction and in refusing to give an instruction that overloading the cars was negligence as a matter of law, become more conspicuous when it is noted that the court was careful to emphasize the defense of contributory negligence, which was pleaded by defendant. The court gave to the jury this instruction: "If you believe from the evidence in this case that at the time plaintiff was alighting from defendant's street car plaintiff failed to use the care and caution which an ordinarily careful and cautious person under the same or similar circumstances would use, and as a result thereof either made a misstep or lost her balance and fell, then I instruct you that plaintiff was guilty of negligence. If you further believe that such negligence, if any, on her part proximately caused or

contributed to her injuries in the slightest degree whatsoever, then, irrespective of whether you believe the defendant was negligent or not, your verdict must be against the plaintiff and in favor of the defendant.'' Although it is difficult to perceive how plaintiff could reasonably be held to be negligent, the trial court repeatedly referred to defendant's assertion of negligence on her part, stating in one part of the instructions: ''It is only in the event that you believe from a preponderance of the evidence that plaintiff's injuries were caused as a direct and proximate result of negligence on the part of the defendant alone and were not in the slightest degree contributed to by negligence if any on the part of plaintiff that you may consider the nature or extent of the injuries and damages, if any, sustained by plaintiff in accordance with the rules which I have given you.''

A reading of the instructions as a whole compels the conclusion that plaintiff was not given a fair trial.

The judgment is reversed.

Moore, P. J., concurred. McComb, J., concurred in the judgment.