644

**BUTLER v. McCALIP.**

No. 531.

Municipal Court of Appeals for the
District of Columbia.

July 25, 1947.

Sandolphra Robinson, of Washington,
D. C., for appellant.

Joseph D. Bulman, of Washington, D. C.
(Sidney M. Goldstein, of Washington, D. C.,
on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

When riding as a passenger in defendant's
taxicab plaintiff fell out and was injured.
She sued for damages and has appealed
from a judgment against her.

Included in the record is the dep-
osition of a witness taken by defendant.
Defendant has moved to strike the deposi-
tion from the record on the ground that it
was not used in the trial. Although it was
filed prior to trial, the statement of proceed-
ings and evidence does not disclose that it
was offered in evidence, in whole or in part,
at trial. Plaintiff does not contend that the
deposition was offered in evidence but as-
serts that references to its contents were
made throughout the trial. Rule 24 of the
trial court (substantially the same as Rule
26 of the Federal Rules of Civil Procedure,

28 U.S.C.A. following section 723c) authorizes the taking of depositions for the purpose of discovery or for use in evidence; provides for receiving depositions in evidence under specified conditions and for specified purposes; allows objections to receiving depositions, or parts thereof, to be made at trial; and provides that a party shall not be deemed to make. a person his own witness for any purpose by merely taking his deposition. The rule clearly indicates that the taking and filing of a deposition does not alone make it evidence in the case and that until offered in evidence its admissibility cannot be determined. The deposition in question was not offered or received in evidence and therefore cannot be considered a part of the record. We turn to the merits of the case.

Plaintiff and seven other persons, after returning from a boat ride, entered defendant's taxicab at the Seventh Street wharf. While the testimony was not entirely in accord on the seating arrangements, it appears that six passengers—four adults and two children—occupied the rear seat and two adult passengers sat on the front seat with the driver. Plaintiff was the last passenger to enter and she sat on the lap of a male companion who sat on the extreme right of the rear seat. Neither defendant nor plaintiff closed the right rear door but all witnesses agreed that the door was closed and remained closed until the time of the accident. The taxicab was driven in a proper manner and after it had gone six or eight blocks, "all of a sudden" plaintiff fell out. Defendant stopped the cab within a short distance.

Neither plaintiff nor defendant nor any of the passengers gave any explanation why the door opened or why the plaintiff fell out. However, a police officer to whom report of the accident was made testified that plaintiff said she leaned against the door which opened and that was why she fell out. The officer also testified he tested all doors of the taxicab and found them in good order. Defendant testified he heard plaintiff tell the officers that she leaned against the handle of the door. Plaintiff testified that she did not at any time put her hand on the door.

The trial court found that defendant was negligent in overloading the taxicab but that such negligence was not the proximate cause of plaintiff's injuries; that it was plaintiff's own negligence or contributory negligence which proximately caused her injury.

On this appeal plaintiff's argument is that defendant was guilty of negligence in overloading the taxicab and in not securely closing the door or seeing that it was closed; that this negligence as a matter of law was the proximate cause of plaintiff's injury; and that as a matter of law plaintiff was not guilty of contributory negligence.

With respect to negligence in overloading, plaintiff relies on Order No. 2578 of the Public Utilities Commission, dated May 11, 1943, relating to taxicab "group riding." Section 2 of the order provides that additional passengers shall be taken on "to the extent of the full carrying capacity of the cab, to wit: Three passengers in the rear seat and two passengers in the front seat, or five passengers in the rear seats and two passengers in the front seat, as the construction of the vehicle may permit." The cab in question had only one rear seat, so its "full carrying capacity" was five passengers. If Order No. 2578 is a safety order limiting the number of passengers to be carried, then its violation was negligence as a matter of law.[1] But it is questionable whether the order is a safety measure. As stated, it relates to group riding, was enacted during the crowded condition of wartime Washington and was intended to make taxicab service available to as many persons as possible. It compelled group riding and required drivers to take on passengers to the full carrying capacity, as defined in the order, but did not specifically or expressly prohibit taking on passengers beyond the defined carrying capacity. Whether the limitation on the requirement of group riding relates not only to the comfort and convenience of passengers but also to their safety, we are not

[1] Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080; Forbes v. Los Angeles Ry. Corporation, 69 Cal.App.2d 794, 160 P.2d 83.

called on to decide. The trial court found negligence in overloading and such finding may well have been based on common law as on the regulation. Taxicabs are common carriers and the highest degree of care is imposed on them for the protection of passengers.[2] Aside from any statute or regulation a common carrier is guilty of negligence in overloading a vehicle to such an extent as to increase the ordinary hazards of riding.[3] There was evidence justifying a finding that such a condition existed in the instant case. The trial court having found negligence in overloading, for the purpose of this appeal it is immaterial whether such finding was based on the public utilities order or on common law principles.

■ With respect to the question of negligence of the driver in connection with closing the door, we think the high degree of care imposed on the driver required that he take such precaution as the circumstances required to see that the door was securely closed before driving off. The crowded condition of the cab undoubtedly made it more important that the door be securely closed. The trial court could have found negligence in this respect,[4] but in view of the fact that the door was closed and remained closed while the cab traveled six or eight blocks and opened only when plaintiff leaned, fell or was pushed against it, the court was not compelled to find negligence. The only evidence that the door was not securely closed was the fact it opened at the time of the accident. Whether it then opened because it was not originally securely closed or for other reasons was a question of fact.

■■ Whether the trial court correctly held that the negligence of defendant in overcrowding the cab was not a proximate cause of plaintiff's injury is unnecessary for us to decide, in view of the further finding that plaintiff was guilty of contributory negligence. If we assume that defendant's negligence was a proximate cause of plain-

tiff's injury, plaintiff's contributory negligence still would bar recovery. Notwithstanding the high degree of care imposed on common carriers, passengers are required to exercise ordinary and reasonable care, as determined by the circumstances, for their own protection.[5] The trial court could have found that plaintiff, an adult, knew or should have known that it would be dangerous, sitting in her position, to lean against the door, or the door handle, and nevertheless did lean against it, with the result the door opened and she fell out. Such finding would support the court's conclusion that plaintiff was guilty of contributory negligence, barring recovery even in the event of defendant's negligence. The finding of contributory negligence was supported by sufficient evidence and is binding on us.

Affirmed.

2 Bell Cab Co., Inc., v. Coppridge, App. D.C., 158 F.2d 540.

3 Ligon v. International Ry. Co., 269 App.Div. 809, 55 N.Y.S.2d 444.

4 McKnight v. Red Cab Co., 319 Mass. 64, 64 N.E.2d 433; Roberts v. Economy Cabs, Inc., 285 Ill.App. 424, 2 N.E.2d 128; Richardson v. Portland Trackless Car Co., 113 Or. 544, 233 P. 540.

5 Garrow v. Seattle Taxicab Co., 135 Wash. 630, 238 P. 623, 45 A.L.R. 293.