[No. 33095.    Department Two.    April 7, 1955.]

LILLIAN M. RUTHERFORD, *Appellant*, v. BERT J. DEUR, *Respondent*.[1]

*Gagliardi, Ursich & Gagliardi*, for appellant.

*Goodwin & Hicks*, for respondent.

MALLERY, J.—At about nine p. m. on December 5, 1952, which was a dark and rainy night, plaintiff, Lillian M. Ruth-

[1] Reported in 282 P. (2d) 281.

erford, was a guest in seventy-nine-year-old Bertucci's model A Ford roadster. He was driving north on south Cedar street, in Tacoma. He stopped at the intersection with south Twelfth street, which is an arterial, looked to the right and left, and did not see defendant Deur's car. He then entered the intersection, intending to make a left turn to the west. When he was beyond the center of the intersection and about to turn, his car was struck by defendant's car, which was traveling west at twenty-five miles an hour on south Twelfth street.

The plaintiff was injured, and brought this action against the defendant, alleging that the proximate cause of her injury was the negligence of defendant or the concurring negligence of defendant and Bertucci. (It may be stated parenthetically that it is immaterial whether or not Bertucci was negligent, since in no event could his negligence be imputed to plaintiff.)

The plaintiff appeals from a judgment for the defendant.

Appellant contends that the trial court, in giving instructions Nos. 5, 6, and 14, erred in two particulars. (1) It submitted a question of contributory negligence to the jury, which was neither pleaded, nor (2) upon which there was evidence to predicate such instructions.

Respondent contends the pleadings were amended by the admission, without objection, of appellant's testimony that she sat to the right of the driver beside an isinglass window; that it was not raining too hard for her to see through it for one half of a block; that, when Bertucci stopped at south Twelfth, she looked to the right and no car was coming when he started across the street; and that at the center of south Twelfth street, when he was partially turned north, there was a terrible crash.

It is respondent's position that the respondent was there to be seen, and under the rule of *Silverstein v. Adams*, 134 Wash. 430, 235 Pac. 784, she will not be heard to say that she did not see him; that her failure to warn Bertucci was contributory negligence on her part; and that her testimony

amended the pleadings to include an issue of contributory negligence.

We do not agree. The duty of a driver to keep a proper lookout is not imputable to a guest. The *Silverstein* case is not in point. The duty of a guest is prescribed in *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20, in which we said:

"The rule applicable to this situation is that if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw, or should have seen, that the driver of the car was conducting himself in a negligent manner, and if, under those circumstances, in the exercise of due and ordinary care, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct and drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the passenger would be guilty of contributory negligence which would bar his recovery."

The testimony relied upon by respondent to amend the pleadings does not constitute a scintilla of evidence that Bertucci had driven negligently so as to put a lookout duty upon the appellant. It did not raise an issue upon which instructions on contributory negligence could be predicated. In submitting and requesting instructions thereon, the respondent invited error.

As to the sufficiency of appellant's objections to the giving of the instructions on contributory negligence, the record shows that, as to instruction No. 6, the appellant said, *inter alia*:

"Now, there wasn't any evidence here that this plaintiff could have been guilty of contributory negligence."

In objecting to instruction No. 14, appellant said:

"Plaintiff excepts to Instruction No. 14 for the reason there was no evidence upon which to base that instruction."

We think these statements called the trial court's attention to the absence of evidence of contributory negligence.

To give the instructions on contributory negligence was reversible error.

Since there must be a new trial in this case, we comment upon the admission of evidence that was error but not *prejudicial*, so that it will not occur again. Upon the issue of whether or not respondent had his car lights on, a Mr. Usher was permitted to testify about the street lights in parts of the city other than at the scene of the collision. This was inadmissible because it was *irrelevant*.

The judgment is reversed, and a new trial granted. Costs will abide the result of the action.

HAMLEY, C. J., HILL, WEAVER, and OTT, JJ., concur.