[Nos. 32872, 32873. Department Two. June 30, 1955.]

THOMAS W. ROSS, *Appellant*, v. NORTHERN PACIFIC RAILROAD COMPANY, *Respondent.*

WILLIAM TULIP, *Appellant*, v. NORTHERN PACIFIC RAILROAD COMPANY, *Respondent.*[1]

[1]Reported in 285 P. (2d) 870.

*Chavelle & Millard* and *Howard P. Pruzan,* for appellants.

*Dean H. Eastman* and *Roscoe Krier,* for respondent.

WEAVER, J.—Thomas W. Ross and William Tulip commenced separate actions to recover damages for personal injuries. The injuries were sustained as the result of a collision between an automobile driven by Mr. Ross and a freight train operated by the defendant at a railroad crossing in Kent, Washington. Mr. Tulip was a passenger in the automobile.

The actions were consolidated for trial. At the close of plaintiff's case, the trial court ruled that plaintiff Ross was chargeable with contributory negligence, as a matter of law. His action was dismissed. Mr. Tulip's case was submitted to the jury and resulted in a verdict for the defendant. Both Ross and Tulip appeal.

In determining the questions presented by the ap-

peal of Mr. Ross, the driver of the automobile, we must accept the plaintiff's evidence, and all reasonable inferences therefrom, as true and interpret the evidence in a light most favorable to the plaintiff and most strongly against the defendant. *Dayton v. Department of Labor & Industries*, 45 Wn. (2d) 797, 798, 278 P. (2d) 319 (1954).

The accident occurred on Smith street, which extends in an east-west direction, at a point where it crosses seven railroad tracks at a right angle. It is approximately eighty feet from one side of the tracks to the other. The crossing, which is equipped with an automatic signal device, is in an industrial area. The automatic signal begins operation when railroad rolling stock enters either of two main line tracks within a distance of nineteen hundred feet to the north and fifteen hundred feet to the south of the crossing.

On the day of the collision, the signal device was giving a warning as Mr. Ross' car approached the railroad crossing from the west. Two automobiles were stopped in front of his. They waited until a moving passenger train cleared the crossing. The two cars then proceeded to cross *even though the signal device continued to give warning of an approaching train.* Mr. Ross moved his car forward at a speed of five to eight miles an hour. His vision to the north was obscured by a building immediately to the north of the signal device. A freight car was standing twenty-six feet north of the crossing on the first side track. When the front wheels of his automobile were on the second track (the first of the main line tracks), he saw, for the first time, a freight train about thirty feet away, bearing down on him from the north. He attempted to put his automobile in reverse gear but was unable to avoid being struck by the train.

Witnesses, who live in the community and who frequently use the crossing, testified that the automatic signal device would commence operation whenever railroad rolling stock, being switched from place to place in the industrial area, entered upon either of the main line tracks within the space in which its presence activated the signal, so that between fifty and sixty per cent of the time, when the signal

gave a warning, no train *passed* the crossing. These witnesses also testified that upon approaching the crossing, when the signal was operating, they stopped, looked for a train, and, if they felt it was safe to cross, they then proceeded to do so. Both plaintiffs knew the conditions under which the signal device would give a warning.

Plaintiff Ross urges that it was error for the trial court to refuse to submit his case to the jury on the issues of (1) alleged failure of defendant's train to sound a whistle or bell, and (2) failure of defendant railroad to employ a flagman or watchman at the crossing. These questions are not reached, however, if, as a matter of law, plaintiff Ross is chargeable with contributory negligence, as the trial court ruled.

The ruling of the trial court is based upon Rem. Rev. Stat., Vol 7A, § 6360-102 [*cf.* RCW 46.60.300], which reads as follows:

"Whenever any person operating a vehicle approaching any railroad grade crossing or structure with a movable span and a clearly visible electrical, mechanical or manual signal device is in operation and gives warning of the immediate approach of any train or operation of movable span, the operator of such vehicle shall stop within 50 feet, unless vehicles ahead require a greater distance, but not less than twenty (20) feet, from such railroad or span and shall not proceed until he can do so safely. The operator of any vehicle shall stop his vehicle and remain standing and not traverse any railroad grade crossing or structure when crossing gate is lowered or when a human flagman or mechanical or electrical signal gives or continues to give a signal of the approach or passage of any train or movement of the span."

·Plaintiff Ross states in his brief on appeal:

"Obviously, it is the general rule that one who disregards an automatic warning signal which is in good order and is so placed as to operate efficiently, is guilty of contributory negligence as a matter of law."

Again, plaintiff Ross concedes that the violation of this statute "would constitute contributory negligence *per se* and would call for the direction of a defense verdict."

Plaintiff argues, however, that this rule is not applicable

to him because the proof demonstrates that the automatic signal, in this case, did not meet the description of the type of signal required by the statute, or at least presented a question for the jury as to whether or not the signal meets the statutory test.

In support of his argument, plaintiff urges that the signal device was "unreliable" because it would ring even though a train, on one of the main line tracks, might not *traverse* the crossing; hence, the signal did not meet the description of the type of warning which would subject plaintiff to the duties prescribed by statute.

■ The statute, however, does not limit the duty of the vehicle operator to those situations where the signal gives warning *only* when a train is approaching the crossing *and* will proceed to pass the crossing. The statutory duty affixes when the signal device gives warning of the *approach* of a train upon the tracks. The signal device, in the instant case, did exactly that. It was not unreliable, in the sense of giving a false warning; it operated *only* when a train was approaching *or* passing the crossing. To limit the application of the statute to those signals which give warning only when a "through train" is approaching the crossing, would be to disregard the plain wording of the statute.

We conclude that the signal device in question, as a matter of law, operated in the manner contemplated by the statute.

Plaintiff next contends that the quoted statute is but a codification of the common-law rule; that the common-law rule is subject to exceptions which also attach to the statute so that, under the facts of the instant case, the question of contributory negligence becomes one for the jury.

The crux of plaintiff's argument, in support of this contention, is this:

(1) At common law, a person who disregards a warning device is chargeable with contributory negligence if he is injured at a railroad crossing.

(2) To this rule, there are two exceptions: (a) if the attendant circumstances are such as might lead a reason-

ably prudent man to believe it is safe to cross, the question of contributory negligence is for the jury; and (b) if the plaintiff, at the time he disregards it, knows that the safety appliance is not reliable, contributory negligence cannot be predicated, as a matter of law, on the disregard of the safety appliance.

We assume, for the purpose of this opinion, that the statute is a codification of the common law and that the exceptions existing at common law may attach to the statute. See Restatement, Torts, § 286, Comment c, p. 753.

The first exception—that attendant circumstances are such as might lead a reasonably prudent man to believe it is safe to disregard the warning signals—is illustrated by the factual situations found in *Royal Indemnity Co. v. Long Island R. Co.*, 283 N. Y. 714, 28 N. E. (2d) 722 (1940); *Thompson v. Royal* (Texas), 181 S. W. (2d) 317 (1944), and *Missouri Pac. R. Co. v. Shell*, 208 Ark. 70, 185 S. W. (2d) 81 (1945). In each case, a car or engine was standing on the tracks near the crossing so that the driver could have believed that the car or engine activated the automatic signal, rather than an approaching train. Under these circumstances, the courts held that the contributory negligence of the driver presented a question for the jury. In the instant case, however, no such facts exist. See *Pennsylvania R. Co. v. Folger*, 170 F. (2d) 238 (C. A. 6th; 1948).

The decisions relied upon, to bring the instant case within the second exception to the rule, are not controlling. In them, an automatic signal device was mechanically defective and gave a warning over extended periods of time when no train was approaching the crossing; or a manual device was improperly operated. Under such circumstances, whether a person is chargeable with contributory negligence, when he disregards the signal, was held to present a question for the jury.

The signal device, in the instant case, was neither mechanically defective nor improperly operated. It did not give a warning unless a train was approaching or passing the crossing.

■ Playing "Russian roulette" with a train at a railroad crossing does not present a question of contributory negligence for a jury. Under the conceded facts, this case falls squarely within the ambit of the statute. We conclude that the trial court did not err when it dismissed plaintiff Ross' case. *Byerley v. Northern Pac. R. Co.*, 11 Wn. (2d) 604, 120 P. (2d) 453 (1941).

The sole issue presented on the appeal of Mr. Tulip, the passenger in the automobile, is the correctness of the trial court's instruction on contributory negligence.

Mr. Tulip said that he saw the lights of the automatic signal device continue to flash as the driver of the car proceeded across the railroad tracks. In response to the inquiry of whether he mentioned this fact to Mr. Ross, the driver, he testified:

"A. No, not at the time. I figured he could see them too. Q. You didn't say a word to Mr. Ross? A. Didn't say a word to him."

On this phase of the case, the trial court instructed that

"The passenger was not responsible for the contributory negligence of the driver and would not himself be guilty of contributory negligence unless it has been proven to your satisfaction by a preponderance of the evidence that he, after realizing that the driver was crossing this railroad crossing while this signal was indicating the approach of a passing train, had time to make an effective protest, and his failure to do so was a proximate cause."

The sole question of fact (except that of proximate cause) presented to the jury by this instruction is whether or not Mr. Tulip had *time* in which to make an effective protest to the driver. Hence, the jury was instructed that Mr. Tulip was chargeable with contributory negligence *if* he had sufficient time to make an effective protest, and did not do so, after he realized that the driver was crossing the railroad crossing while the signal was indicating the approach of a train. The instruction imposes upon a passenger, who has knowledge of a dangerous condition and time to make an effective protest, the *imperative duty* of warning the driver of the vehicle.

■■■ This is the same criticism directed to the jury instruction discussed in *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20 (1924). It improperly prescribes the duty of the passenger by placing too great a burden upon him. See *Meath v. Northern Pac. R. Co.*, 179 Wash. 177, 182, 36 P. (2d) 533 (1934); *Haaga v. Saginaw Logging Co.*, 169 Wash. 547, 553, 14 P. (2d) 55 (1932); *Garrow v. Seattle Taxicab Co.*, 135 Wash. 630, 238 Pac. 623, 45 A. L. R. 293 (1925).

The rule is stated in *Bauer v. Tougaw, supra*, and quoted with approval in *Rutherford v. Deur, ante* p. 435, 282 P. (2d) 281 (1955), as follows:

"The rule applicable to this situation is that if the plaintiff, in the exercise of due and ordinary care, such as would be exercised by a reasonably prudent and cautious man, saw, or should have seen, that the driver of the car was conducting himself in a negligent manner, and if, under those circumstances, in the exercise of due and ordinary care, a reasonably prudent and cautious man would have warned or cautioned or attempted to persuade the driver from his reckless conduct and drive his car in a careful and prudent manner, and failed to give such warning or caution or to make such attempt, and such failure caused or contributed to the collision, then the passenger would be guilty of contributory negligence which would bar his recovery." (p. 656)

The instruction, to which exception was taken and error assigned, does not meet this test. It is devoid of any suggestion that the jury should measure Mr. Tulip's conduct in the light of what a reasonably prudent and cautious man would have done under the same or similar circumstances. The instruction which was given did not fairly and adequately present the issue of contributory negligence to the jury. It was erroneous.

The judgment dismissing the action of Thomas W. Ross is affirmed. The judgment dismissing the action of William Tulip is reversed and remanded for a new trial. Mr. Tulip will recover his costs on this appeal.

HAMLEY, C. J., MALLERY, HILL, and ROSELLINI, JJ., concur.