278

GEORGE BICKEL *et al.*, *Respondents*, v. LEWIS COUNTY, *Appellant.*[1]

*Edwin R. Johnson*, for appellant.

*Hull & Armstrong* and *J. A. Vander Stoep*, for respondents.

FOSTER, J.—Lewis county, defendant below, appeals from an order granting a new trial, after verdict in its favor, in an automobile accident case. The negligence alleged is that the county's driver forced the car, driven by the respondent husband and in which the respondent wife was a passenger, off of the road.

The sole ground upon which the new trial was granted, and the only issue upon this appeal, is whether that portion

[1]Reported in 317 P. (2d) 532.

of instruction No. 20,[2] in which the jury was instructed that the wife had a duty to warn her husband of impending danger, was erroneous.

 The court therein advised the jury that the wife "had a duty to exercise reasonable care under the circumstances to warn her husband driver of impending danger." Thus it is that the instruction placed upon the wife the duty to warn. In the memorandum opinion granting the motion for new trial, the trial court expressed the view that the correct rule was stated in *Bauer v. Tougaw*, 128 Wash. 654, 224 Pac. 20. It was there held that a passenger was only bound to warn the driver of impending danger if a reasonably prudent and cautious person would do so, leaving it to the jury to determine whether a warning should have been given by the passenger. That rule is reaffirmed in *Ross v. Northern Pac. R. Co.*, 46 Wn. (2d) 832, 285 P. (2d) 870; *Rutherford v. Deur*, 46 Wn. (2d) 435, 282 P. (2d) 281; *Haaga v. Saginaw Logging Co.*, 169 Wash. 547, 14 P. (2d) 55.

 Whether ordinary care required the wife to warn was a question of fact for the jury's determination, not a matter of law to be dealt with by the court in the instructions. The trial court was, therefore, correct in granting the motion for new trial, and the order granting it is affirmed.

MALLERY, DONWORTH, and ROSELLINI, JJ., concur.

---

December 23, 1957. Petition for rehearing denied.

---

[2]"You are instructed that the plaintiff, Alice Bickel, had a duty to exercise reasonable care under the circumstances to warn her husband driver of impending danger, and if you find from the evidence that she was aware of the danger or as a reasonable, prudent person should have been aware of the same from her observations of defendant's vehicle in time for her to have warned her driver so that in the exercise of reasonable care he could have slowed or stopped and avoided the accident, and if her failure to do so was a proximate cause of the accident, then you must find that plaintiff, Alice Bickel, was negligent and her negligence is imputed to her husband by law, so that the plaintiffs would not be entitled to recover."