[No. 13-40233-2.    Division Two.    September 25, 1969.]

PETE PAPAC et al., *Appellants,* v. MAYR BROS. LOGGING Co., INC., *Respondent.*

*Schumacher & Charette* and *John W. Schumacher,* for appellants.

*Clark W. Adams,* for respondent.

PEARSON, J.— Plaintiffs appeal from a judgment dismissing their cause of action for damages, upon a finding of contributory negligence. Plaintiffs acknowledge that there is but one issue on appeal—whether or not there was sufficient evidence to support the trial court's finding of contributory negligence. A review of the evidence is re-

quired to determine if there was substantial evidence in support of this finding. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

The defendant, Mayr Brothers Logging Company, Inc., entered into a logging contract with plaintiffs, Pete Papac and Sam Baretich, d/b/a P & B Logging Company. Among other things, the contract required plaintiffs to build a new logging road to connect with an existing road, to permit access to the timber. Upon completion of this road, it became necessary for plaintiffs to move their Kohring power shovel approximately 2½ miles over the existing and new logging roads. Having no equipment with which to accomplish this move, defendant, upon request of plaintiffs, furnished a truck equipped with a special trailer called a lowboy. Defendant also directed its employee, James Bachtel, to drive the truck.

Defendant contended at the trial that the truck, lowboy, and driver were loaned to plaintiffs and that the driver, therefore, became the servant of plaintiffs. This theory was rejected by the trial court, who found instead that the logging contract was orally modified so that moving the power shovel became a contract obligation of the defendant. This finding was supported by substantial evidence.

On May 5, 1966 the moving operation was commenced, with both plaintiff partners participating. The shovel was driven onto the lowboy by plaintiff, Sam Baretich, and secured by chains. The securing operation was a joint effort of plaintiffs, Baretich and Papac, and the defendant's driver. The plaintiffs elected to leave the boom of the power shovel elevated and the motor running. A grader preceded the truck, with chain attached to provide additional stability and traction on the hills.

Who actually directed the moving operation was disputed. There was substantial testimony by which the trial court could reasonably infer that the plaintiff, Baretich, was in a position of command, or at the least was acting in concert with the driver, to insure a safe journey.

There is no dispute, however, that at the commencement

of the trip, Baretich assumed more than a passive role. Initially, he sat in the cab of the truck to show the driver the way over the road which he had constructed and with which the driver was unfamiliar. He directed the driver where to turn around and where to cross a river. He made suggestions about the road surface and the need for hooking the truck to the grader.

Early in the trip, Baretich assumed a position on the left running board of the truck, to keep a lookout for overhanging branches that might entangle the boom. Baretich acknowledged that he was familiar with the peculiarity of lowboy trailers to track to the inside of any curve. (It was this very peculiarity which later caused the accident.) Baretich also knew that the area where the accident occurred was a "bad spot."

As an example of the role Baretich played in the moving operation, we quote one portion of his testimony:

> We got to the top of the hill and I told Stan [the grader operator] to wait up there where the new road took off, we might need some help, and I said I would also tell Jim [the truck driver] and when he gets there he can take a look and decide for himself whether he might want his assistance or not.

The accident occurred when the truck commenced negotiating the left-hand turn onto the new road. The trial court found that the truck driver cut the curve too sharply, causing the left rear wheels of the lowboy to run off the road surface. The wheels lost support, tipping the lowboy and shovel down an embankment, damaging the shovel.

The several witnesses to the occurrence, including another employee of defendant, Theodore Somero, who was following the lowboy in a pickup truck, all estimated the speed of the truck as it approached the turn at between ¾ of a mile to 5 miles per hour.

The trial court found and concluded that defendant's driver was negligent in failing to exercise due care in executing the turn. The trial court also found and concluded that the plaintiff, Baretich, in his position on the running

board, should have seen the accident setting up and warned the driver; and that had he been exercising reasonable care in this regard, the accident and resulting damage to the power shovel could have been avoided.

Plaintiffs make a persuasive, two-pronged attack upon this finding and conclusion: (1) plaintiff, Baretich, was not driving the truck and had no reason to anticipate that it would be negligently driven, and (2) there was no direct testimony that plaintiff, Baretich, had any opportunity to warn the driver or that a warning could have been given in time to have avoided the accident. Consequently, the failure to warn would not, as a matter of law, be a proximate cause of the accident. This latter argument largely stems from the driver's testimony that he had a clear view to the rear, could not see anything amiss, and stopped the truck immediately when he felt something was wrong.

The functions of a reviewing court in a case such as this are limited. We may not usurp the functions of the judge, acting in the capacity of the jury, and reverse the judgment because the weight of testimony seems to be on the other side, or because, in case of conflict in the testimony, the judge believed some witnesses and disbelieved some others. Likewise, it is within the function of the judge or jury to draw reasonable inferences from the circumstances leading up to an accident, even though there may be no oral testimony on the particular point. If the inference is a reasonable one, we are not at liberty to reject it simply because we might disagree with it. *Thorndike v. Hesperian Orchards, Inc., supra.*

In this case, the defendants had the burden of proving the elements of contributory negligence which include duty, breach of duty, and proximate causation. *Hynek v. Seattle,* 7 Wn.2d 386, 111 P.2d 247 (1941). We are asked to determine if there was sufficient evidence to support each of those elements.

Certain operative facts were present by which the trial court could reasonably infer that the plaintiff, Baretich, had a duty to warn the driver of the impending danger. This

duty may be reasonably inferred from his superior knowledge of the road conditions, the prior knowledge which he had of the tendency of the lowboy to track to the inside on curves, his participation in positioning the power shovel on the lowboy with boom aloft, so as to make it top heavy, his prior knowledge that the truck was approaching a "bad spot," his position of superior view on the left-hand running board, and finally the role of command or control which he assumed throughout the operation.

These factors lead to a reasonable inference that plaintiff, Baretich, had a duty to warn the driver of impending danger *if* he had a reasonable opportunity to make such warning. The factors of control and vantage point are sufficient in our view to dispose of the argument that he was not in physical control of the operation of the truck. In many situations, passengers of vehicles are required to give warnings to their drivers where a reasonably prudent person would do so. *Bickel v. Lewis County,* 51 Wn.2d 278, 317 P.2d 532 (1957); *Ross v. Northern Pac. R.R.,* 46 Wn.2d 832, 285 P.2d 870 (1955); *Rutherford v. Deur,* 46 Wn.2d 435, 282 P.2d 281 (1955); *Haaga v. Saginaw Logging Co.,* 169 Wash. 547, 14 P.2d 55 (1932); *Bauer v. Tougaw,* 128 Wash. 654, 224 P. 20 (1924).

We find no error in the trial court's finding of *duty* under these circumstances. Breach of duty can be found, since, in fact, no warning was given.

■ The problem of proximate causation is a mixed question of fact and law. Where the finding of contributory negligence lies in the failure of a passenger to warn the driver of a hazard, the element of proximate causation presupposes that the one charged with contributory negligence had a reasonable opportunity to give the warning in time for it to be acted upon.

Was there here substantial evidence that the plaintiff, Baretich, had a reasonable opportunity to warn the driver in time for the accident to have been avoided?

Plaintiff quite logically argues that if the driver's explanation of the accident were accepted by the trial court, then

there would have been no time at all in which plaintiff could have observed the condition of danger and given a warning. The trouble with this argument is that had the trial court accepted the driver's version of the accident, it would have been compelled to find that the accident was unavoidable. We must assume therefore that the trial court rejected that version and looked to the other circumstances leading up to the accident in arriving at its conclusion, that the negligence of both defendant driver and plaintiff proximately caused the accident.

We believe that there is a reasonable inference based upon circumstantial evidence, that plaintiff's failure to warn the driver was a proximate cause of the accident. Defendant's truck was moving at no more than a moderate walking pace ($\frac{3}{4}$ of a mile to 5 miles per hour). The position of the lowboy in relation to the left-hand edge of the roadway would be clearly observable to one standing on the left running board. The driver, on the other hand, must view that area by turning his head or looking in the mirror. We cannot imagine that at this rate of speed the lowboy would suddenly leave the roadway. There had to be an interval of time in which it moved into its position of danger. When this inference is combined with plaintiff's knowledge of the hazard, as well as his knowledge that the lowboy would track inward as the truck commenced its left turn, we reach a reasonable inference that a warning could have been timely given had plaintiff exercised care commensurate with the hazard.

Inferences based upon circumstantial evidence may be, and in this case are, sufficient to establish proximate cause. *DeYoung v. Campbell*, 51 Wn.2d 11, 315 P.2d 629 (1957).

The existence of contributory negligence and its component elements must be judged by plaintiff's condition and surroundings at the time of the accident, and whether, under the circumstances, he acted as a reasonably prudent man would have done. We are unable to say that the trial court erred in this instance.

Accordingly, the judgment is affirmed, with costs on appeal awarded to respondent.

ARMSTRONG, C. J., and PETRIE, J., concur.